[Argued October 15; decided October 29, 1894.]

### FISHER *v.* KELLY.

[38 Pac. 67.]

| 26 | 249 |
| a29 | 145 |
| 26 | 249 |
| 34 | 238 |
| 26 | 249 |
| 40 | 308 |

1. PRACTICE IN SUPREME COURT — BILL OF EXCEPTIONS.— Documentary evidence admitted on the trial must be embodied in the bill of exceptions in order to become part of the record.

2. PRACTICE IN SUPREME COURT — BILL OF EXCEPTIONS — NONSUIT.— In an ac-

tion by a mortgagee of chattels to recover possession from an attaching creditor who sets up that the mortgage is fraudulent, the question of a nonsuit will not be reviewed unless the mortgage, or a copy thereof, has been made part of the record.

3. PRACTICE IN SUPREME COURT—NONSUIT.—Where the only assignment of error attacked a ruling granting a nonsuit, and the evidence on which the ruling was based was not in the record, a motion to dismiss the appeal will be treated as a motion to affirm, and the judgment will be affirmed.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This was an action of replevin brought by M. Fisher, Sons & Company against Penumbra Kelly, sheriff, to recover possession of a stock of cloths that the sheriff held un der a writ of attachment against O. C. McLeod.   Plaintiffs claimed possession of the goods as chattel mortgagees, while defendant claimed that the mortgage was fraudulent. Plaintiffs were nonsuited at the trial, and in preparing their appeal failed to incorporate in the bill of exceptions the chattel mortgage in question.   A copy of it, however, was filed in the supreme court certified by the clerk of the lower court to be a true copy of the original mortgage offered in evidence at the trial.   Respondent Kelly now moves to dismiss the appeal.          DISMISSED.

*Mr. Joseph N. Teal,* for the motion.

*Mr. Arthur C. Emmons,* contra.

PER CURIAM.   *Held,* (1) that documentary evidence offered and admitted on the trial of an action at law cannot be made a part of the record on appeal in this court by copies certified to by the clerk of the trial court, but only by a bill of exceptions.   (2) That in an action by a chattel mortgagee against an attaching creditor to recover possession of the mortgaged property, the defense being that the mortgage is void, because made to hinder, delay, and defraud creditors, the ruling of the trial court in granting

a nonsuit cannot be reviewed on appeal unless the mortgage offered and admitted in evidence, or a copy thereof, is made a part of the record, because it may have been void as a matter of law on its face.    (3) That while this court will not ordinarily dismiss an appeal for want of or because a bill of exceptions is defective, yet, where the only assignment of error is the ruling of the trial court in granting a nonsuit, and it is conceded at the hearing of the motion that unless the certified copies of the documentary evidence can be considered and deemed a part of the record, independent of the bill of exceptions, the appellant has no case, the motion to dismiss the appeal will be treated as a motion to affirm the judgment, and an order of affirmance entered accordingly.

                                                    DISMISSED.

---

[Argued October 16; decided November 13, 1894; rehearing denied.]