Decided 3 November, 1905.

**MILES *v.* SWANSON.**

82 Pac. 954.

APPEAL — REVIEW OF FINDINGS IN ABSENCE OF EVIDENCE.
1. Where no bill of exceptions is in the record, and the evidence is not brought before the supreme court, any error in the findings of fact is not subject to review.

APPEAL — CONCLUSIVENESS OF FINDINGS.
2. The supreme court cannot disturb a finding of fact made by a trial court, unless there is no evidence from which such finding may reasonably be inferred.

DISMISSING APPEAL FOR WANT OF SUBJECT FOR CONSIDERATION.
3. Where no question to be reviewed or considered is presented by the record an appeal should be dismissed.

Appeal from MULTNOMAH COUNTY.

W. A. Miles recovered a judgment against Samuel Swanson who appealed. Respondent now moves to dismiss the appeal.                          DISMISSED.

*Messrs. Chamberlain & Thomas* for the motion.

*Mr. George Perley Lent, contra.*

Per Curiam. The plaintiff had judgment in a trial before the court, a jury being waived. An estoppel by way of former adjudication was pleaded in the reply to certain matters of defense set up in the answer. The court made a specific finding as to the estoppel, and the only assignment of error upon which the appellant now relies is with reference to such finding. No bill of exceptions was settled or filed in the cause, and the case is here wholly upon the findings of fact and conclusions of law rendered by the circuit court and the judgment entered in pursuance thereof. The respondent now moves to dismiss the appeal, and for reasons thereof urges that, there being no bill of exceptions in the record, no questions are presented for our determination.

1. The findings of fact were rendered after trial upon the merits, which implies that the trial court heard evidence upon the matters at issue under the pleadings, and that from such evidence it deduced its findings. None of the evidence having been brought up, it is impossible for us to say whether the deductions of the trial court are right or wrong.

2. Besides, this court could not disturb a finding of fact, unless there was no evidence adduced from which such finding could reasonably be inferred: *Hicklin* v. *McClear*, 18 Or. 126 (22 Pac. 1057). The record discloses no such condition. It is not insisted that the findings do not support the judgment, but only that the court erred in this one finding of fact.

3. The record being such that we cannot determine anything as to the point urged, there are no questions presented for our consideration, for which reason the motion to dismiss the appeal should be allowed, and it is so ordered.     Affirmed.