Argued December 1, decided December 15, 1908.

## STATE *v.* SULLIVAN.

[98 Pac. 493.]

INDICTMENT AND INFORMATION—DEMURRER.

1. On the day when a demurrer to an indictment was submitted and taken under advisement by the court, but before a decision had been rendered, a stipulation in writing was entered into between defendant's counsel and the district attorney, in which it was agreed, that all the matters alleged in the indictment were true, and that judgment should be entered upon the stipulation and the law. The entire case was afterwards submitted by counsel for defendant, without objection, on the indictment and stipulation. *Held*, that the finding that defendant was guilty of the crime charged, was a holding that the indictment was good.

CRIMINAL LAW—ARRAIGNMENT AND PLEAS—"PLEA OF NOT GUILTY."

2. Under Sections 1336, 1356, B. & C. Comp., a defendant accused of a misdemeanor can appear for arraignment and enter a plea of not guilty by counsel. *Held*, that a stipulation entered into by the district attorney and counsel for defendant, that all the matters alleged in the indictment are true and admitted, and that judgment should be entered according to the facts and the law, was in effect a plea of not guilty, as it in effect admitted the facts charged, but denied that they constituted a crime.

From Polk: GEORGE H. BURNETT, Judge.

The defendant, Thomas Sullivan, was convicted of the crime of selling intoxicating liquor to a minor, and from the sentence that followed, he appeals.     AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Webster Holmes.*

For the State there was a brief over the names of *Mr. John H. McNary*, District Attorney, and *Mr. Joseph E. Sibley,* with an oral argument by *Mr. McNary.*

Opinion by MR. CHIEF JUSTICE BEAN.

1. Defendant was indicted for the crime of selling intoxicating liquor to a minor. He was duly arraigned and demurred to the indictment on the ground that more than one crime is charged therein, and that the facts stated do not constitute a crime, which demurrer was submitted and taken under advisement by the court. On the same day, and before the decision on the demurrer, a stipulation in writing was entered into between counsel for defendant and the district attorney, in which it was stipulated and agreed that all the matters and things alleged in the indictment "are true and the same are hereby admitted and confessed"; that they occurred in the town of Independence, an incorporated town; that defendant have 30 days' time in which to present to the court his view of the law of the case, and that thereafter, at such time as the court might be advised, judgment should be entered upon the stipulation of facts and the law properly applicable thereto. Thereafter the cause came on to be heard on the indictment and stipulation.

Defendant appeared in person and by counsel, and after argument the court decided that as a matter of law defendant was guilty of the crime charged in the indictment, and he was sentenced accordingly. From this judgment he appeals, claiming that the court erred in not disposing of the demurrer, and thereafter giving him opportunity to plead to the indictment. The question sought to be raised by the demurrer, we infer from counsel's argument here, was whether defendant could be convicted under the state law for selling liquor to a minor within the corporate limits of Independence. The facts, however, necessary to raise the question do not appear on the face of the indictment, and for this reason, no doubt, the stipulation was entered into. The entire case was afterwards submitted to the court by counsel for defendant, without objection, on the indictment and stipulation, and the finding of the court that defendant was guilty of the crime charged was necessarily a holding that the indictment was good. On no other theory could the judgment have been rendered.

2. Defendant was accused of a misdemeanor and could appear for arraignment and enter a plea of not guilty by counsel without himself being present: Sections 1336, 1356, B. & C. Comp. The stipulation was in effect such a plea. It admitted the facts as charged by the State, but denied that they constituted a crime, so that, in fact, defendant did plead to the indictment.

Judgment is affirmed.          AFFIRMED.