Argued on motion to dismiss March 9, decided April 13, 1909; argued on the merits August 3, decided August 17, 1909.

## STATE v. MARTIN.

[100 Pac. 1106; 103 Pac. 512.]

CRIMINAL LAW—REVIEW—RECORD—ADMISSION OF EVIDENCE.

1. In the absence of a bill of exceptions, alleged error in the admission of evidence is unavailing on review.

CRIMINAL LAW—APPEAL—OBJECTIONS TO INDICTMENT—WAIVER.

2. Under Section 1365, B. &. C. Comp., providing "that the objection to the jurisdiction of the court over the subject-matter of the indictment, or that the facts stated do not constitute a crime, may be taken in the trial under a plea of not guilty, or in arrest of judgment," the objection that the facts stated in an indictment do not constitute a crime may be raised first in the appellate court, and is not waived by failing to demur or move in arrest of judgment in the trial court.

CRIMINAL LAW—REVIEW—ASSIGNMENT OF ERRORS.

3. The error relied on in the review of a criminal prosecution should be clearly assigned, so that the district attorney has notice thereof.

CRIMINAL LAW—REVIEW—ASSIGNMENT OF ERRORS.

4. The objections that the facts stated in an indictment do not constitute a crime, or that the trial court does not have jurisdiction of the offense, may be raised in the appellate court, though not assigned as errors.

CRIMINAL LAW—APPEAL—REVIEW—SCOPE—BILL OF EXCEPTIONS.

5. Where, on appeal from a conviction, there is no bill of exceptions, the sufficiency of the information is the only subject for review.

INDICTMENT AND INFORMATION—INFORMATION—FORM.

6. An information for murder, charging that defendant on May 1, 1908, in M. County, did then and there unlawfully, feloniously, purposely, and of his, the said defendant's, deliberate and premeditated malice, kill and murder, one W., by then and there unlawfully, feloniously, purposely, and of his, the said defendant's, deliberate and premeditated malice, striking, hitting, and beating him, the said W., with a sharp instrument, a more particular description of which is to the district attorney unknown, contrary to the statutes made and provided, and against the peace and dignity of the State, was in substantial compliance with the form prescribed by Section 1304, B. & C. Comp., and form 1 of the appendix, and sufficient.

INDICTMENT AND INFORMATION—OFFENSE INCLUDED IN CHARGE.

7. Where an indictment for murder in the first degree was sufficient to charge manslaughter, of which accused was convicted, its failure to sufficiently charge murder in the first degree was not material.

From Multnomah: JOHN B. CLELAND, Judge.

Decided April 13, 1909.

ON MOTION TO DISMISS.

[100 Pac. 1106.]

Opinion by MR. CHIEF JUSTICE MOORE.

1. This is a motion to dismiss an appeal. The errors relied upon in the brief of defendant's counsel, to secure the reversal of a judgment of conviction in a criminal action, relate to the admission of evidence; but as the transcript contains no bill of exceptions, and none appears to have been settled or allowed by the trial court, the alleged errors are unavailing. *State* v. *Kline,* 50 Or. 426 (93 Pac. 237.)

2. The defendant's counsel now requests permission to challenge the sufficiency of the indictment, which, it is asserted, appears from an examination of a copy of the judgment roll to be inadequate. The district attorney resists the application, contending that, where errors declared to have been committed in the trial of a cause are based upon evidence not contained in the bill of exceptions, the judgment ought to be affirmed, citing in support of that principle the cases of *Fisher* v. *Kelly*, 26 Or. 249 (38 Pac. 67), and *Miles* v. *Swanson*, 47 Or. 213 (82 Pac. 954), which were civil actions. In criminal causes the statute prescribes the several grounds of demurrer to an indictment (Section 1357, B. & C. Comp.), and provides that when the defects so enumerated appear on the face of the pleading they can be taken advantage of only by demurrer, "except that the objection to the jurisdiction of the court over the subject-matter of the indictment, or that the facts so stated do not constitute a crime, may be taken at the trial, under a plea of not guilty and in arrest of judgment." Section 1365, B. & C. Comp. In construing such exception in *State* v. *Mack*, 20 Or. 234 (25 Pac. 639), and in commenting upon the sufficiency of an indictment, Mr. Chief Justice STRAHAN says: "But here the error is in the judgment roll, in the indictment itself, in that it fails to charge a crime. Such an error is not waived by silence or cured by judgment." A headnote to that case is as follows: "The objection that the facts stated in an indictment do not constitute a crime may be taken for the first time in the appellate court, and is not waived by failing to demur or move in arrest of judgment in the trial court." The language last quoted may seem broader than the opinion warranted; but we believe it to have been a correct statement of the law, and adopt the expression as applicable to the case at bar.

3. The errors relied upon to secure the reversal of a judgment in a criminal action ought to be clearly assigned

by the appellant, so that the district attorney would have notice thereof and be prepared to controvert the principles involved.

4. Where, however, it is insisted in this court, for the first time, that the facts stated in the indictment do not constitute a crime, or that the trial court did not have jurisdiction of the subject-matter of the offense charged, such objections can be urged, though not assigned.

The motion should be denied; and it is so ordered.

MOTION DENIED.

---

Decided August 17, 1909.

ON THE MERITS.

[103 Pac. 512.]

The defendant, Edward Hugh Martin, was convicted of the crime of manslaughter, and from the judgment and sentence following, he appeals.

For appellant there was a brief over the names of *Mr. John A. Jeffrey, Mr. Seneca Fouts, Mr. Clinton A. Ambrose* and *Mr. Charles E. Lenon.* with an oral argument by *Mr. Jeffrey.*

For the State there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney General, *Mr. George J. Cameron,* District Attorney, *Mr. John J. Fitzgerald,* and *Mr. J. H. Page,* Deputy District Attorneys, with an oral argument by *Mr. Page.*

MR. JUSTICE SLATER delivered the opinion of the court.

5. The defendant was, by information, charged with the crime of murder in the first degree, and upon trial was convicted of manslaughter. The charging part of the information is as follows:

"The said Edward Hugh Martin, on the 1st day of May, A. D. 1908, in the County of Multnomah and State of Oregon, then and there being, did then and there unlawfully, feloniously, purposely, and of his, the said Edward Hugh Martin's, deliberate and premeditated

malice, kill and murder one Nathan Wolff, by then and
there unlawfully, feloniously, purposely, and of his, the
said Edward Hugh Martin's, deliberate and premeditated
malice, striking, hitting, and beating him, the said Nathan
Wolff, with a sharp instrument, a more particular descrip-
tion of which is to the district attorney unknown, con-
trary to the statutes made and provided, and against the
peace and dignity of the State of Oregon.

From the judgment entered against him, the defendant
has appealed; but, having failed to procure and file a
bill of exceptions, the only subject of inquiry is the suffi-
ciency of the information.

6. It is urged in his behalf that there is no crime
charged because there is a failure to allege: (1) Both an
intent to assault and an intent to kill; (2) malice afore-
thought in words which will bear no other reasonable
construction, both as to the wounding and the killing;
and (3) the time of the death of the person assaulted.
In support of these several propositions, it is claimed that
that part of the information preceding the word "by" is
not of the charging part, and states only a conclusion of
law. The following cases are some of those particularly
urged upon our attention as holding in accord with coun-
sel's contention: *Fouts* v. *State,* 8 Ohio St. 98; *Kain* v.
*State,* 8 Ohio St. 307; *Schaffer* v. *State,* 22 Neb. 557 (35
N. W. 384: 3 Am. St. Rep. 274) ; *State* v. *Linhoff,* 121
Iowa, 632 (97 N. W. 77) ; *People* v. *Cox,* 9 Cal. 32. The
indictments there considered were attempted to be drawn
in form as at common law. For instance, in *Fouts* v.
*State,* 8 Ohio St. 98, which seems to be a leading case, the
indictment was intended to charge murder. First there
is alleged in legal terms, with words descriptive of the
intent and premeditated malice, a felonious assault with
a certain weapon inflicting a particular mortal wound,
describing it, which resulted in death at the instant or
at a subsequent time. Because the indictment did not
contain, in the description of the crime, a direct and
specific averment of a purpose or intent to inflict a

mortal wound, or to kill, it was held insufficient; but, to avoid the involved and technical circumlocution of the common law, our statute has modified and simplified the form of charging such crimes by permitting the direct averment of the intent, malice aforethought, and the result of the assault combined in these words: That the accused at a specified time and place, purposely and of his premeditated malice, killed C. D. by shooting him with a gun or pistol, etc. In charging the crime in the information under consideration, some amplification of the form has been indulged in, but not, we think, to its material detriment. It is a sufficient answer to say that the language employed is substantially the same as that authorized by the Code, which has been repeatedly sanctioned by this court. *State* v. *Dodson,* 4 Or. 64; *State* v. *Brown,* 7 Or. 186; *State* v. *Wright* 19 Or. 258 (24 Pac. 229) ; *State* v. *Childers,* 32 Or. 119 (49 Pac. 801). Section 1304, B. & C. Comp. gives a general form of indictment, and in the section next following provides that: "The manner of stating the act constituting the crime, as set forth in the appendix to this Code, is sufficient in all cases where the forms there given are applicable, and in other cases forms may be used as nearly similar as the nature of the case will permit." Form No. 1 of the appendix provides a form for the charging part of an indictment for murder in the first degree, which is substantially that used in this instance.

7. It might be said that the consideration of the first two points urged is not necessary to a decision of the case, for they are concerned only with the charge of murder in the first degree, while the information is clearly sufficient to charge manslaughter, of which the defendant was convicted.

Finding the information sufficient to support the judgment, it is therefore affirmed.          AFFIRMED.