Motion to Affirm submitted on briefs July 27, 1910; decided August 9, rehearing denied September 20, 1910.

## STATE v. HOLLOWAY.

[110 Pac. 397; 110 Pac. 791.]

CRIMINAL LAW—SPECIAL PLEA IN BAR—PRACTICE.

1. The practice where a plea in bar is interposed in a case of felony is for counsel to prepare a written statement of the facts relied on, which statement the defendant usually reads to the court, but, if it is inconvenient for him to do so, his counsel reads it for him, whereupon the court inquires of accused if that is his plea, and on receiving an affirmative answer directs the clerk to enter the statement in the journal, and, if the facts alleged are controverted by the State, the issue is then tried by a jury, and, if the finding is for defendant, he is discharged, but, if for the State, trial on the merits of the charge is had.

CRIMINAL LAW—APPEAL—RECORD—CONTENTS—"FILED."

2. Under Section 1367, B. & C. Comp., requiring pleas in criminal cases to be oral and entered on the journal, where the transcript on appeal in a criminal case showed only that a plea of former jeopardy was "filed" and overruled, and did not show any order that the plea be recorded, it sufficiently appeared that the plea was not formally read to the court, and, for that reason, was not ordered to be recorded, and hence was not properly part of the record; the word "filed" importing only that the paper was placed in the official custody of the clerk who probably indorsed as filed with the date of reception, signing his name thereto, and retained it in his office for inspection by interested parties.

CRIMINAL LAW—RECORD ON APPEAL—TRANSCRIPT—CONCLUSIVENESS.

3. It must be assumed that the transcript on appeal correctly states the facts therein recited, and its presumptive verity cannot be controverted by affidavits.

CRIMINAL LAW—PRIVILEGES OF ACCUSED—PRESENCE DURING TRIAL.

4. Under Section 1378, B. & C. Comp., providing that defendant on trial for a felony must be present in person, one on trial for a felony has the right to be present during the entire trial, including the discharge of the jury because of inability to agree.

CRIMINAL LAW—FORMER JEOPARDY—PLEA—SUFFICIENCY.

5. A plea of former jeopardy, without any conviction or acquittal, must set forth the facts to show that accused has been in jeopardy, and must show how and in what manner.

CRIMINAL LAW—FORMER JEOPARDY—PLEA—SUFFICIENCY.

6. A plea, denominated a plea of former acquittal, which alleges the acquittal of accused based on the fact that he was put on his trial, that a jury duly impaneled and sworn was without the consent of accused discharged, without rendering any verdict, that at the time of the discharge accused was confined in jail, and that neither he nor his counsel was present in court, that the jury, when they were discharged, had not considered the evidence in the cause a reasonable length of time, and there was at the time a reasonable probability that they would agree on a verdict if given further time, and that the court did not find that the jury could not agree, etc., is a plea of former jeopardy, and conforms to the rule that a

plea of former jeopardy without conviction or acquittal must set forth the facts to show that accused has been in jeopardy, and how and in what manner.

From Multnomah:  Earl C. Bronaugh, Judge.

The defendant, Chester C. Holloway, was convicted of assault with a dangerous weapon, and from the judgment following such conviction he appeals.   The State now files motion to affirm the judgment.

Motion Allowed:  Affirmed:  Rehearing Denied.

There was a brief over the names of *Mr. Andrew M. Crawford,* Attorney General, *Mr. George J. Cameron,* District Attorney, and *Mr. Joseph H. Page,* Deputy District Attorney, for the motion.

There was a brief over the name of *Mr. Arthur I. Moulton, contra.*

Opinion by Mr. Chief Justice Moore.

The defendant, Chester C. Holloway, was convicted of the crime of assault with a dangerous weapon, and appeals from the resultant sentence, assigning as error the action of the court in denying his pleas of former jeopardy.  A motion has been interposed by the district attorney to affirm the judgment on the ground that the plea was not suitably made, and that copies thereof are improperly included in the transcript.  No bill of exceptions has been secured in this cause, but there was filed with our clerk a transcript on appeal containing a copy of the indictment and of the journal entries made herein, showing the defendant's arraignment, his plea of not guilty, trial, that after having been out all night and being unable to reach a verdict, the jury were discharged the following noon, that the defendant's pleas were overruled and exceptions allowed, and that another trial was had resulting in the judgment indicated.  The first plea was subscribed and sworn to by the defendant's attorney and filed February 12, 1909, and the other plea, which

was not signed or verified, was filed March 11, 1909, the day the second trial was commenced. As the pleas practically present the same question, the latter only will be set forth, and is as follows:

"The defendant pleads that he has already been acquitted of the crime charged in this indictment by the above-entitled court on the 17th day of November, 1908. This plea is based upon the following specific facts, to-wit: On Friday, the 13th day of November, A. D. 1908, in the above-entitled court, the said defendant was put upon his trial upon the said indictment, and a jury between the State of Oregon and said defendant upon said indictment was in due form of law drawn, impaneled, charged and sworn to well and truly try the said issue, and the said jury, without the consent of the said defendant, have been discharged and separated without rendering any verdict in said cause; that at the time said jury were discharged and separated the said defendant was, by order of the above-entitled court, confined and held in the corridor of the county jail in the city of Portland, Oregon, and that neither said defendant nor his counsel was present in court when said jury was discharged and separated; that said jury when they were discharged as aforesaid had not considered the evidence in said cause a reasonable length of time, and there was, when said jury was discharged, a reasonable probability that said jury would agree upon a verdict, if given further time within which to reach an agreement; that there was no urgent necessity or special cause for the discharge of said jury, and that said jury was irregularly discharged; that said court did not find that said jury could not reach an agreement, and did not enter any order to that effect upon its records, nor did said court enter upon its records any order or finding that there was any necessity for the discharge of said jury. The defendant pleads that the above facts show conclusively that the defendant cannot by the law of the land be again put upon his trial upon the said indictment."

If a party is formally accused of a misdemeanor and has been held to answer the charge, his personal appearance is unnecessary, and he may be represented by counsel

who is authorized to enter a plea for him: Section 1336, B. & C. Comp.; *State* v. *Waymire,* 52 Or. 281 (97 Pac. 46: 21 L. R. A. (N. S.) 56) ; *State* v. *Sullivan,* 52 Or. 614 (98 Pac. 493) ; *Curran* v. *State,* 53 Or. 154 (99 Pac. 420.)  In cases of felony, however, our statute regulating the procedure requires every plea to be oral and entered in the journal of the court: Section 1367, B. & C. Comp.  The latter enactment is probably a recognition of the ancient rule which demanded that a party accused of treason should plead orally, unless he was found by a jury called for that purpose to be mute by visitation of God, whereupon his trial proceeded, but, if he was found to be mute of malice, he was treated as having pleaded guilty: 1 Stephen, History Criminal Law Eng. 298.  This author on the next page of the valuable work to which attention has been directed, in assigning a reason for a prisoner's declining to say whether or not he was guilty, remarks:

"The object of refusing to plead was that as in that case there was no conviction, no forfeiture took place, and the property of the accused person was thus preserved for his heir."

1. The practice prevailing in this State, where a plea in bar is interposed in a case of felony, is for counsel for the accused to prepare a written statement of the facts relied upon to defeat the maintenance of the action, which specification the defendant generally reads to the court, but, if it is inconvenient for him to do so, his counsel reads it for him, whereupon the court inquires of the accused if that is his plea, and, upon receiving an affirmative answer, directs the clerk to enter the statement in the journal. If the facts thus alleged are controverted by the State, a jury is impaneled to determine the issue, and, if, under proper instruction, they find for the defendant, he is discharged, but if they determine for the State, a trial on the merits is then had.  As indicating the method of putting in such special defenses it is noted in *Rex* v. *Sheen,* 2 Car.

& P. 634, 636: "To this plea Curwood, for the prosecution, replied *ore tenus* as follows: (Which he read from a note on the back of his brief) "—setting forth a copy of the language employed. Whatever motive prompted the enactment that every plea in a case of felony must be oral and entered in the journal of the court is immaterial, for the law, having been so written, is controlling and must be obeyed. In civil actions no exception need be taken or allowed to any decision upon a matter of law when the ruling is made wholly upon an instrument in writing and on file in the court. Section 172, B. & C. Comp. In criminal causes, however, as the statute has prescribed the manner of submitting a plea, a compliance with the requirement is necessary, and a plea can only become a part of a transcript on appeal by having been entered upon the journal of the lower court. If the plea is in writing and not so recorded, even though it may be incorporated in the transcript, it is ineffectual. Thus under a similar statute of California which demanded that every plea in a criminal action should be oral and entered upon the minutes of the court a party accused of a misdemeanor put in a special plea in writing of which only a mere memorandum was noted in the minutes. The defendant was convicted and appealed, bringing up a transcript that did not include a bill of exceptions. A copy of the plea was included in the transcript, but it was held that since the writing was not made a matter of record in the lower court a copy thereof was improperly incorporated, and for that reason was unavailing: *People v. O'Leary,* 77 Cal. 30 (18 Pac. 856.)

2. It will be remembered that the transcript shows the pleas in question were "filed," the use of which word implies that the papers were placed in the official custody of the clerk of the trial court who probably indorsed thereon the word mentioned and the date of receiving the manuscripts, in attestation of which he also wrote his

name thereunder and retained the instruments in his office, subject to inspection by persons interested therein. It is customary in Oregon, when a defendant in a criminal action interposes a plea, for the court to order that it be recorded upon the journal. In the case at bar the transcript, referring to the arraignment, contains a statement as follows:

"The defendant * * pleads that he is not guilty of the crime charged in the indictment. It is ordered that the plea of not guilty be and the same is hereby entered of record."

No order was made herein that the pleas referred to should be recorded. The only allusion to be found in the transcript to these special defenses is the following recital to-wit:

"After hearing the arguments of defendant's counsel on the plea in bar heretofore duly filed in this cause, and the court, being fully advised in the premises, denies said plea in bar, to which the defendant excepts and the court allows said exception."

We think it satisfactorily appears from the transcript before us that the pleas were never formally read to the court, and for that reason were not ordered recorded. As the only question presented is a matter founded on the record, the judgment should be affirmed (3 Cyc. 419; *Fisher* v. *Kelly,* 26 Or. 249 (38 Pac. 67) ; *Miles* v. *Swanson,* 47 Or. 213 (82 Pac. 954), and it is so ordered.

MOTION ALLOWED: AFFIRMED.

Decided September 20, 1910.

ON PETITION FOR REHEARING.

[110 Pac. 791.]

Opinion by MR. CHIEF JUSTICE MOORE.

3. In a petition for a rehearing herein it is maintained that in the prior opinion an error was committed in con-

cluding that from the use of the word "filed," as employed in the order denying the plea in bar, the special defense relied upon at the second trial was never read to the court, and for that reason no record thereof was made. The petition is supplemented by an affidavit wherein defendant's counsel states that in open court he read from a manuscript the language set forth in the former opinion as an absolute defense, and that an order was then made that the declaration be entered of record; that the clerk thereupon requested of the deponent a restatement of the matter and was given the writing referred to in order that the delineation might be correctly copied into the journal, and that the court, having denied the plea and refused to permit the special defense to be submitted to the jury, no further attention was given to the matter until this appeal was being prepared, when it was discovered that no record of the special defense had been made. If the clerk was directed to enter the plea, but failed to obey the command, application should have been made to the trial court to correct its record by a *nunc pro tunc* order. It must be taken for granted that a transcript on appeal correctly states the facts therein recited, and, such being the case, its presumed verity cannot be controverted by affidavits.

4. The defendant having been formally charged with the commission of a felony, had a right to be present during the entire trial (Sec. 1378, B. & C. Comp.), and, if he was confined in jail and not represented by counsel when the first jury were discharged, as stated in the plea, his further prosecution, based on the charge specified in the indictment, might have been a matter of grave doubt: 12 Cyc. 270; *State* v. *Wilson,* 50 Ind. 487 (19 Am. Rep. 719.) Whether or not the defendant was absent on the occasion mentioned could only have been established or disproved by testimony unless his presence is to be inferred from the order of the court discharging the jury

which contains the following direction: "And the defendant is remanded into the custody of the sheriff."

5. The special defense interposed herein is denominated a plea of former acquittal. We think, however, that it is unquestionably a plea of former jeopardy, in referring to which defense an author says:

"A plea of former jeopardy, without any conviction or acquittal, must set forth the facts to show that the defendant has been in jeopardy and must show how and in what manner." 12 Cyc. 366.

6. An examination of the plea interposed will disclose that it conforms to the rule above indicated. After the plea was denied, whether or not it was essential that testimony should have been offered to show that the defendant was not present nor represented by counsel when the jury were discharged is not necessary to a decision herein, but the matter is adverted to so as to show that under a plea of former jeopardy the record alone may not always be sufficient, and that a bill of exceptions is at times required.

Since it does not satisfactorily appear that the plea was orally made or ordered to be entered of record, and as the transcript cannot be contradicted or corrected in this court by affidavits, we are compelled to adhere to our former opinion.

The petition is therefore denied.

AFFIRMED: REHEARING DENIED.