Submitted on briefs on motion to release attachment September 18, motion denied September 25, 1917, argued January 22, affirmed January 29, 1918.

## BANK OF KENTON v. PREBLE.*

(167 Pac. 578; 170 Pac. 302.)

**Appeal and Error—Stay—Jurisdiction of Trial Court—Sale of Perishable Property.**

1. Notwithstanding appeal, with stay, the trial court has jurisdiction to order sale of property under attachment in the action as perishable property; Section 552, L. O. L., authorizing it, with provision that the proceeds shall be deposited to abide the decision on appeal, if perishable property has been seized to satisfy or secure the judgment.

### ON THE MERITS.

**Husband and Wife—Agency of Husband for Wife—Execution of Note.**

2. The ostensible maker of a note was liable thereon, whether she signed it with her own hand, or the signature was made by her husband by her authority.

**Appeal and Error—Review—Questions of Fact.**

3. Under Article VII, Section 3, of the Constitution, providing that in actions at law no fact tried by a jury shall be otherwise re-examined in any court, unless the court can affirmatively say there is no evidence to support the verdict, and Section 159, L. O. L., providing that the finding of the court upon the facts shall be deemed a verdict, and

*On proof of husband's agency for wife by evidence of similar acts by husband, see note in 17 L. R. A. (N. S.) 223.        REPORTER.

may be set aside in the same manner and for the same reasons, the Supreme Court has no authority to weigh conflicting evidence in an action at law, and a verdict, or the findings of the court in the absence of a jury, are conclusive, if there is any evidence to sustain them.

[As to execution of written instrument in person's presence and by his direction as act of agent or principal, see note in Ann. Cas. 1912D, 1356.]

From Multnomah: CALVIN U. GANTENBEIN, Judge.

On motion to release attached property. Motion denied.

*Mr. Allan R. Joy,* for the motion.

*Mr. George J. Cameron, contra.*

In Banc.    MR. JUSTICE BEAN delivered the opinion of the court.

1. This is a motion for an order releasing property attached to secure the satisfaction of any judgment that might be obtained by the plaintiff against the defendant. The latter represents that after an undertaking on appeal for a stay of proceedings was filed and an appeal to this court perfected, and while the cause was pending in this court, the Circuit Court ordered the sheriff of Polk County to sell certain personal property under attachment in the action, to wit, potatoes, grain, and hay, as perishable property, which order the sheriff complied with. Plaintiff resists the motion.

In regulating matters of appeals, Section 552, L. O. L., provides:

"When the proceedings are stayed, if perishable property has been seized to satisfy or secure the judgment or decree, or has been directed to be sold thereby, the court or judge thereof may order the property to be sold as if the proceedings were not stayed, and the proceeds thereof to be deposited or invested to abide the decision of the appellate court."

The trial court had jurisdiction to make the order in question notwithstanding the appeal. If any question relative to the attachment proceedings is raised by the appeal the same will be considered at the final hearing in passing upon the merits of the case. The motion to release is denied.        MOTION DENIED.

---

Affirmed January 29, 1918.

ON THE MERITS.

(170 Pac. 302.)

This is an action by the Bank of Kenton, a corporation, against A. C. Preble to recover the amount due on a note. There were findings and judgment in favor of plaintiff and defendant appealed. Affirmed.

For appellant there was a brief and an oral argument by *Mr. Allan R. Joy.*

For respondent there was a brief and an oral argument by *Mr. George J. Cameron.*

Department 2. Opinion by MR. CHIEF JUSTICE MC-BRIDE.

This was an action to recover upon a promissory note purporting to have been signed by the defendant. The defendant denied the execution of the note and upon the trial there were findings and judgment for the plaintiff, from which an appeal was taken to this court. Judgment was rendered in the Circuit Court on November 6, 1916, and on November 14, 1916, a notice of appeal was duly served and filed. On November 23, 1916, the appeal was perfected by serving and filing the undertaking required by law. On December 30th an application was made and allowed for an extension of time to file the transcript and

to extend the time within which to file a bill of exceptions. The court extended the time to file the transcript, but withheld its decision on the motion for further time in which to prepare and file a bill of exceptions. Within the time allowed by such extension, the transcript was filed having attached to it all the evidence but without any bill of exceptions. A motion was made to strike evidence from the files, which was allowed. Later an *ex parte* order was allowed, permitting the applicant to withdraw the record for the purpose of having the evidence attached thereto certified by the judge, which motion was allowed without prejudice to respondent's right to object to such proceeding. Thereafter at a date not appearing in the record the judge who presided at the trial appended to a transcription of the reporter's notes a certificate to the effect that said transcription was true and correct and contained all the evidence presented in the cause and that it was a true and correct record of said cause.

The findings follow the allegations of the complaint and the judgment is in accordance with the findings, and if we are confined to these the judgment must be affirmed. The appellant's whole case is based upon the proposition that there was no evidence to justify the verdict. The respondent's contention is that as the evidence cannot be brought here except by means of a legal and timely bill of exceptions, that we cannot consider the sufficiency of the evidence in this case, no such bill appearing in the record. It is also contended that there was evidence to justify the verdict and that therefore this court is bound by the findings made by the court below. There are many irregularities in the alleged bill of exceptions but conceding without deciding that it is sufficient, we are of the opinion

that there was some evidence that defendant's name was signed to the note either by herself or pursuant to authorization from her. It is in evidence that when she was notified by plaintiff by letter that her note for $525 was in the bank and she was requested to pay it, she did not deny that it was her note, or repudiate it in any way. The notification was too definite to have been misunderstood. It was mailed her in due course and was as follows:

"Mrs. A. C. Preble,
    "29th & Mason Streets,
        "Portland, Oregon.
    "Dear Madam: We hold your note for $525.00 which is past due since June 21st last. We took this note from Mr. S. F. Cook as security and must ask that it be taken up without further delay.
                    "Yours very truly,
                        "BANK OF KENTON."

Mrs. Preble does not deny having received this letter and the presumption is that it was so received. Burke, the cashier of the bank, testified that subsequent to this letter he called Mrs. Preble up over the phone and called her attention to the note and stated:

"She told me she had left it with her husband; that he was out of town and he would attend to it when he came back; that is what she told me."

Mr. Thatcher testified that about two weeks after the note fell due he called on Mrs. Preble with reference to it, and states the conversation thus:

"I told her that we had the note there and asked her what she was going to do about it, and she said that Mr. Preble would attend to it; he was down near Independence some place on the ranch and would be back in about two or three days, and about a week after that I called on her again and she said that Mr. Preble hadn't got back yet and then I asked her how she happened to give Mr. Cook this note and she said— I asked her if they had bought any cattle from Mr.

Cook and she said no; that they had not bought any cattle from him but she had given him this note as an accommodation."

2, 3. The defendant testifies absolutely that she never signed the note mentioned in this action, or any note in favor of Mr. Cook, and makes a plausible explanation as to why she did not repudiate the transaction when asked to pay it, but we think there was in the testimony above recited some evidence tending to show that she recognized the note as hers. Whether she signed it with her own hand or the signature was made by her husband by her authority is not material, as in either case she would be liable. The evidence for the plaintiff tends to show that when payment was demanded by Thatcher she admitted she gave the note. We have no authority to weigh conflicting evidence in an action at law. The verdict of a jury or the findings of the court in the absence of a jury are conclusive upon the appellate court, if there is any evidence to sustain them: Article VII, § 3, of the Constitution, L. O. L., § 159; *McClung* v. *McPherson,* 47 Or. 73 (81 Pac. 567, 82 Pac. 13) ; *Miles* v. *Swanson,* 47 Or. 213 (82 Pac. 954) ; *Flegel* v. *Koss,* 47 Or. 366 (83 Pac. 847) ; *Savage* v. *Salem Mills,* 48 Or. 1 (85 Pac. 69, 10 Ann. Cas. 1065) ; *Seffert* v. *Northern Pacific Ry. Co.,* 49 Or. 95 (88 Pac. 962, 13 Ann. Cas. 883) ; *Courtney* v. *Bridal Veil Box Factory,* 55 Or. 210 (105 Pac. 896).

The findings therefore being supported by some evidence we are bound by them even if upon a re-examination here we might be of an opinion different from that arrived at by the Circuit Court. As no other error is assigned in the brief the judgment will be affirmed.

AFFIRMED.

MR. JUSTICE MOORE, MR. JUSTICE MCCAMANT and MR. JUSTICE BEAN concur.