Argued January 27, affirmed February 23, rehearing denied March 23, 1926.

# STATE *v.* CORWIN HARVEY.

## (242 Pac. 440.)

**Criminal Law—Complaint Charging Indecent Act on Child, Contributing to Its Delinquency, Comes Within Exclusive and Original Jurisdiction of Court of Domestic Relations (§§ 9787, 9793, Or. L.; Const., Art. VII, § 1a).**

1. Complaint charging indecent act on child, contributing to its delinquency, comes within exclusive and original jurisdiction of Court of Domestic Relations as defined by Sections 9787, 9793, Or. L., which court is created under authority of Constitution, Article VII, Section 1a.

**Indictment and Information—Verification, "The Foregoing Complaint is True, as I Verily Believe," is Sufficient to a Positive Charge of Crime.**

2. Verification, "The foregoing complaint is true, as I verily believe," sworn to by informant to a complaint positively charging defendant with commission of a crime, is sufficient.

**Criminal Law—Motion for Directed Verdict, Made When Evidence of Offense was Undisputed, Held to Present Question of Law for Court, and Its Finding was Within Its Discretion.**

3. In prosecution for contributing to delinquency of a child by commission of indecent act on child, motion for directed verdict on grounds of complicity of wronged child, made at time when evidence of offense was undisputed, presented question of complicity for court's determination as a matter of law, and finding that child was a victim rather than an accomplice was within discretionary powers of court.

**Criminal Law—Venue is a Material Allegation of Complaint to be Proved Beyond a Reasonable Doubt (Const., Art. I, § 11).**

4. In view of Constitution, Article I, Section 11, entitling accused to trial in county where offense was committed, the venue is a material allegation of complaint and must be proved to satisfaction of jury beyond a reasonable doubt.

**Criminal Law.**

5. Evidence *held* such as to enable jury to infer that offense charged was committed in county named in complaint.

---

2. See 14 R. C. L. 170.
4. See 8 R. C. L. 219.

Witnesses—Cross-examination of Witness Testifying to Good Character of Accused as to Whether He Knew of Former Conviction of Accused of Similar Offense Held Proper to Test Witness' Credibility.

6. Where witness testified as to good character of accused, it was not error to cross-examine witness as to whether he knew of former conviction of accused of similar offense, not for purpose of proving conviction of another crime, but to test the accuracy, veracity, or credibility of witness.

Criminal Law—Defendant's Character, When Placed in Issue by Himself, can Only be Proved by General Reputation.

7. Defendant's character, when placed in issue by himself, can only be proved by general reputation; evidence of particular acts being inadmissible whether on direct or on cross-examination.

Criminal Law—Accused Charged With Felony must be Personally Arraigned, but may Appear by Counsel if Charged With Misdemeanor (§ 1470, Or. L.).

8. Under Section 1470, Or. L., an accused charged with a felony must be personally arraigned, but if charged with a misdemeanor only he may appear by counsel.

Criminal Law—Demurrer by Defendant to Complaint Charging Offense, and Participation in Trial Without Objection, Held a Waiver of Failure of Record to Show Entry of a Plea.

9. Where defendant charged with indecent conduct on child contributing to its delinquency, demurred to the complaint, appeared with counsel and made no objection to entering on the trial, and was a witness in his own behalf, he thereby waived all objections arising from failure of record to show the entry of a plea.

Jury.

10. A defendant accused and tried for commission of a felony has absolute right to trial by twelve competent jurors.

Jury.

11. One charged with commission of a felony may waive his constitutional rights to a trial by jury.

Constitutional Law, 12 C. J., p. 1202, n. 56, 57, p. 1205, n. 5.
Courts, 15 C. J., p. 1004, n. 41 New.
Criminal Law, 16 C. J., p. 387, n. 35, 39, p. 388, n. 40, p. 391, n. 15, p. 392, n. 16, 17, 18, 19, 20, 21, p. 582, n. 29, 31, p. 583, n. 43, p. 767, n. 87, p. 770, n. 97, p. 928, n. 78; 17 C. J., p. 116, n. 97.
Indictments and Informations, 31 C. J., p. 649, n. 51, p. 676, n. 1, p. 835, n. 69.
Infants, 31 C. J., p. 996, n. 11, p. 999, n. 82.
Juries, 35 C. J., p. 190, n. 61.

7. See 8 R. C. L. 209.

From Multnomah: JOHN C. KENDALL, Judge.

Department 2.

Corwin Harvey, the defendant, was accused by a complaint filed in the Court of Domestic Relations for Multnomah County of the crime of contributing to the delinquency of a child of the age of fourteen years. The complaint, after alleging the venue, avers that—

"The said Corwin Harvey did then and there * * unlawfully and willfully place his private parts between the legs of * * John Franklin Andrews, which said act did manifestly then and there tend to cause the said John Franklin Andrews to become a delinquent child. * * "

The complaint was signed by the district attorney. Upon that instrument appears the following verification:

"State of Oregon,
"County of Multnomah,—ss.

"I, A. F. Henshaw, having been first duly sworn, say the foregoing complaint is true, as I verily believe.

"A. F. HENSHAW.

"Subscribed and sworn to before me this 5th day of November, A. D. 1924.

"JACOB KANZLER,
"Judge."

On trial the defendant was found guilty. Appeal was taken to the Circuit Court for Multnomah County, Oregon, where he was again found guilty, and from the judgment there rendered he has appealed to this court, alleging that the court erred in overruling the demurrer to the complaint; in denying the motion to quash the complaint and dismiss the proceedings; in overruling defendant's motion for a

directed verdict of not guilty; in holding that the
Court of Domestic Relations had jurisdiction to try
the case; in its instructions to the jury; and in its
ruling upon the admissibility of testimony.

AFFIRMED.     REHEARING DENIED.

For appellant there was a brief over the names of
*Mr. H. H. Riddell* and *Mr. W. H. Fowler,* with an
oral argument by *Mr. Riddell.*

For respondent there was a brief over the names
of *Mr. Stanley Myers,* District Attorney, and *Mr.
George D. La Roche,* Deputy District Attorney, with
an oral argument by *Mr. Jay Stockman,* Deputy District Attorney.

BROWN, J.—1. "The judicial power of the state
shall be vested in one supreme court and in such
other courts as may from time to time be created by
law." Or. Const., Art. VII, § 1a.

The law has created the Court of Domestic Relations, which court "shall have original and exclusive jurisdiction * * in all proceedings for the apprehending, trial, and punishment of persons charged
with contributing to the delinquency or dependency
of minors, as defined and set out in Sections 2150–
2154, inclusive." Or. L., § 9787. At Section 9793,
the Court of Domestic Relations is empowered to
make rules and regulations regarding the practice
and procedure therein. Under the law, any person
who shall contribute to the delinquency of a child,
or who "shall do any act which manifestly tends to
cause any child to become a delinquent child," is
deemed guilty of a misdemeanor. Clearly, the
offense charged comes within the embrace of the
sections of the Code above noted. It follows that the

Court of Domestic Relations had original and exclusive jurisdiction of the act denounced in the complaint.

2. The objection that the complaint is not properly verified is without merit. The complaint positively charges the defendant with the commission of a crime; and, by his solemn oath, the informant swears, among other things, that "the foregoing complaint is true, as I verily believe." We are aware that, in some jurisdictions, the verification, "as I verily believe," would be deemed insufficient; but, in this jurisdiction, such form of verification of a positive charge has always been held to be sufficient.

3. The defendant moved the court for a directed verdict of acquittal upon the ground of the complicity of John Franklin Andrews, alleged to have been the wronged "child." When that motion was made the testimony in regard to the offense was undisputed, and the complicity of the witness was squarely before the court to determine as a question of law: *State* v. *Weston,* 109 Or. 19 (219 Pac. 180), and local citation. In denying the defendant's motion, the trial court evidently considered that the "child" witness was the defendant's victim, and not his accomplice. In reaching this determination, the court was clearly acting within the discretionary power conferred by law. The trial judge had observed this fourteen year old lad when upon the witness-stand and was especially qualified to determine whether the boy was an accomplice or a victim. A girl who attempts to consent to her own ruin in a case of statutory rape is not an accomplice. By the same reasoning it seems to the writer that, if the testimony of the witness is true, the little boy was a victim and not an accomplice.

4. The appellant says there was no proof that the crime alleged to have been committed was committed in Multnomah County.

"The accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed." Or. Const., Art. I, § 11.

5. Therefore, the venue of the offense is a material allegation of the complaint and must be proved to the satisfaction of the jury beyond a reasonable doubt. We have carefully read all the testimony relating to venue and find some evidence to 'the effect that the flagrant act took place at 1640 Division Street, Portland, Multnomah County, Oregon. From a consideration of the evidence adduced, we are of opinion that the jury was enabled to infer that the offense charged, if committed at all, was committed in Multnomah County.

6. On direct examination, Dr. McCollom testified to the good character of the accused. Upon cross-examination he was asked:

"As a matter of fact, didn't you know that he (defendant) was convicted before Judge Campbell in the Circuit Court at Oregon City of a similar offense?"

7. The defendant's good character, when placed in issue by himself, could only be proved by general reputation, and evidence of particular acts or conduct was inadmissible, whether on direct or on cross-examination. However, considerable latitude is allowed the cross-examiner; and, in the sound discretion of the court, for the purpose of testing the accuracy, veracity or credibility of a witness, the cross-examiner may ask such witness as to whether or not he had heard of defendant's former convic-

tion. Such question is not for the purpose of proving that the defendant had committed another crime, but for the purpose of testing the ability of the witness to give accurate testimony: *State* v. *Bateham,* 94 Or. 524 (186 Pac. 5); *Ingram* v. *State,* 67 Ala. 67; *White* v. *State,* 111 Ala. 92 (21 South. 330); *People* v. *Moran,* 144 Cal. 48 (77 Pac. 777); *Cook* v. *State,* 46 Fla. 20 (33 South. 665); *State* v. *Dickerson,* 77 Ohio St. 34 (82 N. E. 969, 122 Am. St. Rep. 479, 11 Ann. Cas. 1181, 13 L. R. A. (N. S.) 341).

We have now reached the serious question in the case. The defendant asserts that a judgment of conviction, without arraignment or plea to the charge contained in the complaint, is invalid. There are many decisions that can be marshaled in support of defendant's proposition. See *State* v. *Walton,* 50 Or. 142 (91 Pac. 490, 13 L. R. A. (N. S.) 811); *State* v. *Walton,* 51 Or. 574 (91 Pac. 495).

8, 9. When the accused is charged with a felony, he is required to be personally present at the arraignment: *State* v. *Donahue,* 75 Or. 409 (144 Pac. 755, 147 Pac. 548). But, if charged with the commission of a misdemeanor only, he may appear by counsel: Or. L., § 1470. See *State* v. *Waymire,* 52 Or. 281 (97 Pac. 46, 132 Am. St. Rep. 699, 21 L. R. A. (N. S.) 56); *State* v. *Sullivan,* 52 Or. 614 (98 Pac. 493); *Curran* v. *State,* 53 Or. 154 (99 Pac. 420); *State* v. *Holloway,* 57 Or. 162 (110 Pac. 397, 791). The record fails to show affirmatively that the defendant pleaded to the charge contained in the complaint. It does show conclusively, however, that the defendant understood the nature of the offense with which he was charged. He moved to dismiss the complaint. He likewise answered the complaint by demurring thereto. He appeared with counsel and seems to

have exercised statutory rights upon arraignment. He made no objection to entering upon the trial. He took part in selecting the jury. He took the witness-stand and denied the charge. He seems to have awaited the verdict of the jury. There is much authority holding that under facts such as exist in the case at bar, the accused has waived all valid objections rising from the failure of the record to show the entry of a plea.

"In some jurisdictions it has been held that one who is indicted for a felony cannot, either personally or by attorney, waive arraignment and plea. Generally, however, arraignment in the case of misdemeanors may be waived, and a waiver will be implied if accused proceeds to trial in the usual manner without objection. Moreover, many of the courts have departed from the old practice, even in cases of felony, and now permit an arraignment to be waived, not only by an express waiver, but also by acts equivalent thereto. * * " 16 C. J., § 720, Crim. Law.

In the case of *State* v. *Walton, supra,* the defendant was charged with the commission of a felony, and the court especially comments upon the fact that he was sentenced to serve a long term in the penitentiary. The first case cited in the appellant's brief filed in this court in the Walton case is that of *Crain* v. *United States,* 162 U. S. 625 (40 L. Ed. 1097, 16 Sup. Ct. Rep. 952, see, also, Rose's U. S. Notes), and the court, in rendering its decision in that case, refers to the Crain case. The opinion in the Crain case, however, was rendered by a divided court, and since its rendition it has been overruled by the case of *Garland* v. *State of Washington,* 232 U. S. 642, 644 (58 L. Ed. 772, 34 Sup. Ct. Rep. 456). The opinion in that case is so instructive and its reason-

ing so clear and sound that we have taken the following excerpts therefrom:

"No arraignment or plea was made upon that information. The case having been called for trial and the jury having been impaneled, the plaintiff in error by his counsel, objected to the introduction of any evidence upon the ground that the state had no right to try the plaintiff in error on the information then before the court. * * No specific objection was taken before the trial to the want of formal arraignment upon the second information. * * It is apparent that the accused was tried and convicted upon an information charging an offense against the law; that he had a jury trial, with full opportunity to be heard, and that he was in fact deprived of no right or privilege in the making of his defense, unless such deprivation arises from the fact that he was not arraigned and required to plead to the second information before trial. The object of arraignment being to inform the accused of the charge against him and obtain an answer from him, was fully subserved in this case, for the accused had taken objections to the second information and was put to trial before a jury upon that information in all respects as though he had entered a formal plea of not guilty. * * *"

Garland contended upon appeal that a ruling made by the Supreme Court of Washington deprived him of his liberty without due process of law within the meaning of the Fourteenth Amendment of the federal Constitution. Upon that subject, the court said (page 645):

"Due process of law, this court has held, does not require the state to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution: *Rogers* v. *Peck,* 199 U. S. 425, 435 (50 L. Ed. 256, 26 Sup. Ct. Rep. 87, see, also, Rose's U. S. Notes), and previous cases in this court there cited. Tried by this test, it cannot for a moment be maintained that

the want of formal arraignment deprived the accused of any substantial right or in any wise changed the course of trial to his disadvantage. * * It is insisted, however, that this court in the case of *Crain* v. *United States,* 162 U. S. 625 (40 L. Ed. 1097, 16 Sup. Ct. Rep. 952), held the contrary. * * If a legal trial cannot be had without a plea to the indictment duly entered of record before trial, it would follow that such omission in the present case requires a reversal of the judgment of conviction, because the prisoner has been deprived of due process of law.

"Technical objections of this character were undoubtedly given much more weight formerly than they are now. Such rulings originated in that period of English history when the accused was entitled to few rights in the presentation of his defense, when he could not be represented by counsel, nor heard upon his own oath, and when the punishment of offenses, even of a trivial character, was of a severe and often of a shocking nature."

The court then adopts the language of Mr. Justice PECKHAM, who, in writing the minority opinion of the court in the Crain case, thus announced the doctrine now followed by the United States Supreme Court:

"A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court."

To this opinion overruling *Crain* v. *United States, supra,* there was not a dissenting voice.

A few among the many cases holding that arraignment and plea may be waived are *Hudson* v. *State,*

117 Ga. 707 (45 S. E. 66); *State* v. *Rasberry,* 113 La.
651 (37 South. 545); *State* v. *Gordon,* 35 Mont. 458
(90 Pac. 173); *Wood* v. *State,* 4 Okl. Cr. 436 (112
Pac. 11, 45 L. R. A. (N. S.) 673); *Essary* v. *State,*
53 Tex. Cr. 596 (111 S. W. 927); *State* v. *Hamshaw,*
61 Wash. 390 (112 Pac. 379); *Davis* v. *State,* 38 Wis.
487 (1 Am. Cr. Rep. 606); *Hack* v. *State,* 141 Wis.
346 (124 N. W. 492, 45 L. R. A. (N. S.) 664); *Reed*
v. *State,* 66 Neb. 184 (92 N. W. 321, 14 Am. Cr. Rep.
556); *Billings* v. *State,* 107 Ind. 54 (6 N. E. 914, 7
N. E. 763, 57 Am. Rep. 77, 7 Am. Cr. Rep. 188);
*State* v. *Cassady,* 12 Kan. 550 (1 Am. Cr. Rep. 567);
*Grigg* v. *People,* 31 Mich. 471 (1 Am. Cr. Rep. 602);
*State* v. *Hayes,* 67 Iowa, 27 (24 N. W. 575, 6 Am. Cr.
Rep. 335). See, also, the recent case of *State* v.
*Dobson* (Or.), 241 Pac. 383.

10, 11. A defendant accused and tried for the com-
mission of a felony has the absolute right to a trial
by jury, which means a body of twelve competent
jurors. However, this court has held that a defend-
ant in a criminal case, although charged with the
commission of a felony, may waive his constitutional
rights, and that his failure to exercise such rights
is deemed a waiver. See *State* v. *McDonald,* 8 Or.
113, a case of larceny; *State* v. *Powers,* 10 Or. 145
(45 Am. Rep. 138), a case of homicide wherein the
defendant was convicted of murder in the first de-
gree. In view of the foregoing, we hold that the
failure of the record to show affirmatively that the
defendant entered his plea to the charge contained
in the complaint does not constitute reversible error.

Having examined all assignments, and finding no
reversible error, this case is affirmed.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and RAND and BELT, JJ., concur.