[Filed January 6, 1891.]

## STATE OF OREGON *v.* JOHN MACK.

INDICTMENT—BURGLARY.—An indictment for burglary which charges that M., on the 3d day of November, 1890, in the county of M. and state of Oregon, did unlawfully, feloniously and burglariously break and enter a dwelling-house, namely, ;the dwelling-house of one E. A. C., with the intent on the part of him, the said M., to commit the crime of larceny therein, is insufficient to sustain a conviction.

JUDGMENT ROLL—BILL OF EXCEPTIONS WHEN UNNECESSARY.—Where the error relied upon on appeal appears from the judgment roll, no bill of exceptions is necessary.

INDICTMENT—DEFECT IN WHEN NOT WAIVED.—The objection that the facts stated in an indictment do not constitute a crime, may be taken for the first time in the appellate court, and is not waived by failing to demur or move in arrest of judgment in the trial court.

Multnomah county: L. B. STEARNS, Judge.

Defendant appeals. Reversed.

The defendant was indicted by the grand jury of Multnomah county and convicted, from which judgment this appeal is taken. There is no bill of exceptions, and the only error relied upon for a reversal is the insufficiency of the indictment to sustain the judgment. The charging part of the indictment is as follows: "The said John Mack, on the 3d day of November, 1890, in the county of Multnomah and state of Oregon, did unlawfully, feloniously and burglariously break and enter a dwelling-house, namely, the dwelling-house of one E. A. Cunningham, with intent on the part of him, the said John Mack, to commit the crime of larceny therein, contrary," etc.

*Gilbert J. McGinn*, and *S. H. Green*, for Appellant.

*T. A. Stevens*, district attorney, and *W. T. Hume*, for Respondent.

STRAHAN, C. J.—This record presents but a single question, and that is the sufficiency of the indictment. The pleader, by this indictment, attempted to charge the crime of burglary, defined and made punishable by section 1758, Hill's Code. That section punishes any person who shall break and enter any dwelling-house in the night-time, in which there is at the time some human being, with intent to commit a crime therein; or, having entered with such intent, shall break any such dwelling-house in the night-time, or be armed with a dangerous weapon therein, or assault any person lawfully therein. The indictment fails to charge that the breaking and entry was in the night-time, or that there was in the house some human being. Under this section, these are a part of the essential elements of the crime of burglary, without which the defendant is not brought within the statute punishing that offense. Section 1759 makes the same acts punishable if committed in the day-time, and for the reason already suggested, a conviction could not be sustained under this section. Section 1760 punishes whoever shall break and enter any building within the curtilage of any dwelling-house but not forming a part thereof, or shall break and enter any building, or part thereof, booth, tent, etc., in which property is kept, with the intent to steal therein, or commit any felony therein. The indictment in this case does not charge any of the elements of burglary under this section. Counsel for the state cite *State* v. *McGinnis*, 17 Or. 332, in which there was no bill of exceptions, and the court refused to examine the errors relied upon, but the appellant attempted to bring into the record by affidavit the facts upon which he relied. But here, the error is in the judgment roll, in the indictment itself, in that it fails to charge a crime. Such an error is not waived by silence or cured by judgment. Counsel for the state also cite *State* v. *Jarvis*, 18 Or. 360. In that case the indictment charged both incest and rape, and we held

that if the objection had been taken by demurrer in the court below, it would have prevailed; but not having been so taken, it was waived. The distinction is manifest. In the one case a crime is charged in the indictment; in the other it is not. It is true, in the Jarvis case more than was necessary to constitute a single crime was charged, but that did not necessarily vitiate the indictment. In this case there is not enough charged. In *State* v. *Bruce*, 5 Or. 68, 20 Am. Rep. 734, this court held that the particular objection made to the indictment in that case was waived by failing to demur; but that there might be no misunderstanding of the ground upon which the decision was placed, the court, by BON-HAM, J., added: "This reasoning, of course, does not apply to an indictment which is subject to the objections raised by the first and fourth grounds of demurrer as specified by statute." (Crim. Code, §§ 123, 131.) These sections are numbered 1322 and 1330, respectively, of the present revision.

For the reasons that the indictment in this case fails to charge a crime, the judgment must be reversed; but no order for the defendant's discharge will be made, for the reason that the objection may probably be obviated by another indictment if the court below shall so direct.