UNITED STATES v. SMITH et al.

(Fourth Division.    Fairbanks.    June 27, 1911.)

No. 443, Criminal.

INDICTMENT AND INFORMATION (§ 162*)—COMPLAINT—AMENDMENTS.
A criminal complaint charged that defendants "did violate sec-
tion 25, Alaska Penal Code, contrary to the form of the stat-
ute," etc., but without stating any other specific fact. The de-
fendants were tried, convicted, and fined $500 each before the
justice of the peace. They appealed to the district court.   Upon
a motion of the district attorney to amend the complaint, *held*,
it charged no crime, could not be amended, and the defendants
discharged.

[Ed. Note.—For other cases, see Indictment and Information,
Cent. Dig. § 524; Dec. Dig. § 162.*]

This action arose in the justice's court at Chatanika, in the
Fairbanks precinct, territory of Alaska.   The defendants were
tried and convicted of assault and battery, and sentenced to
pay a fine in the sum of $500 each, and to be confined in the
United States federal jail, in default of the payment of the
same, one day for each $2 thereof, upon the following informa-
tion filed in the justice's court.

"In the Justice's Court for the Fairbanks Precinct, Territory of
Alaska, Fourth Division.

"United States of America v. A. J. (Winchester) Smith
Louis Corkish.   No. 7.

"Information of the Violation of Section 25, Chapter 2, Alaska
Criminal Code.

"Territory of Alaska, Fairbanks Precinct—ss.:

"Charles Snipes, of Fairbanks precinct, territory of Alaska, on
oath deposes and says that A. J. (Winchester) Smith Louis Cork-
ish, late of the precinct and territory aforesaid, heretofore, to wit,
on the 25th day of December, A. D. 1910, at Cleary City in said ter-
ritory, did violate section 25, chapt. 2, Alaska Criminal Code, con-
trary to the form of the statute in such case made and provided, and
against the peace and dignity of the United States.   Wherefore,
deponent says that the said A. J. (Winchester) Smith Louis Corkish
are guilty of the crime of assault and battery, and prays that they
may be apprehended and dealt with according to law.   And further-
more, the said deponent prays that Geo. Manning and Cineretta

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

(true name unknown) whom he believes are material witnesses to the subject-matter of this complaint, may be summoned to appear and give testimony thereto.

"[Signed]                                        Charles Snipes.

"Subscribed and sworn to before me this 26th day of Dec. A. D. 1910.

"[Commissioner's Seal.]                    Samuel R. Weiss,
        "Commissioner and Ex Officio Justice of the Peace for Chatanika, Alaska, in Said Precinct."

That thereafter an appeal was perfected to this court, and the original papers filed herein.

The action now comes before this court upon a demurrer to the complaint, filed by the defendant A. J. Smith. The demurrer was taken upon two grounds: First, the complaint does not conform substantially to the requirements of chapter 7 of part 2 of the Criminal Code of Alaska, providing for the form of complaint in criminal actions; and second, the facts stated in the complaint do not constitute a crime.

The only question raised upon the argument before the court, by the District Attorney and the attorney for the defendant, was whether, admitting the complaint in the justice's court to be defective, it could be amended in this court.

James J. Crossley, Dist. Atty., and J. Knox Brown, Asst. Dist. Atty., both of Fairbanks, for the United States.

J. E. Coffer, of Jackwade, for defendants.

OVERFIELD, District Judge. By the Constitution of the United States (article 6 of the amendments thereto), it is provided, among other things, that in all criminal prosecutions the accused shall be informed of the nature and cause of the accusation against him, and section 38, c. 7, pt. 2, of the Alaska Code, p. 51, provides, among other things, that the indictment must contain:

"Second, a statement of the facts constituting the offense in ordinary and concise language * * * and in such manner as to enable a person of common understanding to know what is intended."

Section 413, pt. 2, of the Alaska Criminal Code, p. 114, provides:

"That the complaint is to be deemed an indictment within the meaning of the provisions of chapter 7, title 2, of this act, prescribing

what is sufficient to be stated in such pleading and the form of stating it."

Section .449, pt. 2, of the Alaska Criminal Code, p. 119, provides, with reference to appeals from the commissioner's courts:

"The appellate court has the same authority to allow an amendment of the pleadings, on an appeal in a criminal action, that it has on an appeal in a civil action."

Section 1007, pt. 4, of the Alaska Code, p. 348, entitled "Amendment of pleadings in appellate courts," provides that:

"In all cases of appeals, * * * the plaintiff's cause of action, or of the defendant's counterclaim or set-off, or other ground of defense filed before the justice may be amended upon appeal in the appellate court to supply any defect, deficiency, or omission therein, by filing formal pleadings therein, when by such amendment substantial justice will be promoted."

The only question now before the court is whether, from the provisions of the Code above quoted or any other pertinent thereto, the United States has a right at this time to amend the complaint filed in the above entitled action and now filed in this court. Admittedly no objections to the complaint were filed in the justice's court, either by demurrer or motion in arrest of judgment. However, such waiver does not prejudice the rights of the defendant in this court, upon the grounds mentioned, in the demurrer filed herein. State v. Mack, 20 Or. 234, 25 Pac. 639. Nor is it deemed necessary to cite authority to the effect that a defendant in a criminal action cannot waive a constitutional guaranty, or right, such at least as is in question here. Nor can it be seriously contended that a constitutional provision granting to an accused person the right "to demand the nature and cause of the accusation against him" can be waived or surrendered by him; and, if an indictment (complaint) does not contain such a description of the offense as to notify the accused of the nature or cause of the accusation against him, it is a nullity and may be objected to at any time.

It cannot be seriously contended that the facts set out in the complaint filed herein upon the appeal from the justice's court

informed the accused in any way of the crime against him other than by reference to the Codes of Alaska, or other publications provided by the government for use in the territory of Alaska, and which in effect could no more than direct the accused to seek the Code or such publications as are mentioned above to discover of what crime he was accused; and, should he have been fortunate enough to have secured a copy of the law, he would have found section 25 to have contained provisions for assault by a person armed with a dangerous weapon, or being armed with a dangerous weapon, for the crime of threatening another or for unlawfully striking or unlawfully wounding another; of which particular crime he was being accused, and for which he was to prepare for trial, he could but guess.

The accused has been deprived of a constitutional guaranty and an express right provided under the Code of Alaska. Such a defect appearing upon the face of the complaint cannot be corrected by amendment in this court.

The demurrer is sustained upon both grounds, and the accused ordered discharged.