Petition for a Writ of Habeas Corpus filed May 7, dismissed
June 2, 1955

# WIX *v.* GLADDEN
284 P. 2d 356

*Myron Alden Wix,* for the Petition.

BRAND, J.

Myron Alden Wix has filed in this court an original petition for a writ of habeas corpus wherein it is alleged that he is restrained of his liberty at the Oregon State Penitentiary by Clarence T. Gladden, warden. He alleges that he is confined under a sentence of 25 years imprisonment by the circuit court for Wallowa County, Oregon "under Chapter 585, Oregon Laws, 1947", now ORS, ch 168, concerning the punishment of habitual criminals. Attached to his petition is a purported copy of the information of district attorney on waiver of indictment, which reads in part as follows:

> "That said Myron Alden Wix on the 30th day of July A.D. 1952 in the said County of Wallowa and State of Oregon, then and there being, did then and there unlawfully and feloniously break and enter in the night time a dwelling belonging to Ruth Cleaves, with intent to then and there unlawfully and feloniously take, steal and carry away the goods and chattels in the said dwelling house then and there being, by forcibly bursting and breaking a door and window of said dwelling house and into said dwelling house."

The petition contends that the information failed to state any crime; because it is alleged to be vague, indefinite, uncertain and unintelligible. A like contention is made concerning the information charging prior convictions on which the habitual criminal sentence was based. That information is not before us. He has, however, submitted a copy of the journal entry, reciting prior convictions and sentencing the prisoner to 25 years imprisonment. It is provided by statute that:

> "The circuit court of the judicial district wherein the party is imprisoned or restrained, and, if vested

with power to exercise judicial functions, the county court and county judge of the county wherein the party is imprisoned or restrained, shall have concurrent jurisdiction of proceedings by habeas corpus, and said courts and judges may issue, hear and decide all questions arising upon habeas corpus." ORS 34.320.

The normal procedure in habeas corpus is to invoke the power and jurisdiction vested by that section.

■ In Article VII, Section 2 of the Constitution of Oregon, it is provided that "the supreme court may, in its own discretion, take original jurisdiction in  *  *  *  habeas corpus proceedings." The question presented by the petition is therefore whether this court in its own sound discretion should take jurisdiction of this case. The statute provides that the petition shall state in substance, among other things, "That the legality of the imprisonment or restraint has not already been adjudged upon a prior writ of habeas corpus, to the knowledge or belief of the petitioner." ORS 34.360 (6).

The petition in the pending case not only fails to comply with the requirements of the statute quoted above, but it affirmatively sets forth that the petition filed in this court is "an identical petition of the one which plaintiff filed in the Circuit Court of Marion County on September 4, 1954, same being dismissed on January 26, 1955, without an opinion  *  *  *." Thus it affirmatively appears that the legality of the imprisonment has already been adjudged upon a prior writ of habeas corpus.

The order dismissing the petition in the circuit court of Marion County was appealable, but no appeal has been taken. This court declines the invitation to assume jurisdiction in the pending case.

■ While it is unnecessary to consider the sufficiency of the information for burglary under which the

petitioner was convicted and sentenced, we express the opinion that the information constituted a valid charge of burglary in a dwelling house.

*State v. Mack,* 20 Or 235, 25 P 639, was cited by petitioner as authority for the proposition that the information must allege that there was some human being in the house at the time of the breaking and entering. That decision was rendered upon a statute which has since been amended, and the allegation referred to is no longer required. ORS 164.230.

■ The plaintiff Wix also contends that he was sentenced for the "non-existent crime of being an habitual criminal." The journal entry, as set forth by the plaintiff himself, disposes of this contention. It is true that it recites that the plaintiff is guilty of being a habitual criminal, but the court then proceeded to vacate the sentence previously imposed on September 3, 1952 for burglary in a dwelling house and immediately imposed the sentence of imprisonment for a maximum period of 25 years. In the seven-year sentence for burglary Wix had been given credit for time spent in the Wallowa County jail. In the 25-year sentence he was also given the same credit. It is obvious that the 25-year sentence was imposed as punishment on the charge and conviction of burglary, in lieu of the seven-year sentence previously imposed, and it did not constitute conviction for the "non-existent crime of being an habitual criminal."

The petition for the writ is dismissed.