Argued March 17, reversed and remanded April 5, 1976

CHARLES HINDMAN, *Petitioner,*

*v.*

OREGON STATE PENITENTIARY, *Respondents.*

(No. 10-75-103, CA-5429)

547 P2d 646

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Petitioner appeals from a final order of the Disciplinary Committee of the Oregon State Penitentiary finding him guilty of violations of Major Rules 3 (present in an unauthorized area)[1] and 11 (disobedience of an order).[2] Petitioner contends that the Disciplinary Committee erred in finding him guilty of being in an unauthorized area.[3]

There is evidence that although petitioner had permission to be on the tier momentarily, he was dilatory in returning to his cell. When an officer ordered petitioner to "cell in," he remained out on the tier talking for about two minutes.

Petitioner should not have been found guilty of two separate violations where they were based on only one act of misconduct, i.e., failing to obey promptly an order to "cell in." *Cf., State v. Boyd,* 15 Or App 650, 652-53, 517 P2d 321 (1973), Sup Ct *review denied* (1974).

We remand to the Disciplinary Committee for reconsideration of its recommended punishment. The sanction imposed may, of course, be the same as previously approved by the Superintendent or something lesser.

Reversed and remanded.

---

[1]"No inmate shall be in or at any location not designated by assignment, programmed activity, call out or staff directive." Rule 3, Major Rules of Prohibited Conduct.

[2]"No inmate shall fail to promptly comply with an order of a staff member." Rule 11, Major Rules of Prohibited Conduct.

[3]Petitioner does not challenge the finding that this conduct amounted to disobedience of an order.