Argued June 17, reversed July 26, 1976

CHRIS ANDERSON, *Petitioner,*

*v.*

OREGON STATE PENITENTIARY, *Respondents.*

(No. 01-76-250, CA 5981)

552 P2d 256

*Paul J. De Muniz,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondents. On the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Petitioner, an inmate of the Oregon State Penitentiary, was accused of throwing garbage on the tier of the Segregation and Isolation Building and was charged with and found guilty of violation of Rule 11 of the "Major Rules of Prohibited Conduct" which states:

> "No inmate shall fail to promptly comply with an order of a staff member."

The Disciplinary Committee found that each inmate, as he is admitted to the S & I Building, is advised of a standing order issued by Superintendent Cupp to cease littering the tiers. Petitioner contends that disobedience of a standing order cannot be the basis for violation of Major Rule 11. Respondents contend that the rule should not be so limited. Respondents' position is that if an inmate is specifically notified of a standing order at any time prior to his disobedience of that order, he can be found guilty of a violation of Major Rule 11.

This is not a situation in which an inmate was littering, was ordered to cease littering, and nevertheless continued the prohibited behavior. Such conduct would probably constitute a failure "to promptly comply with an order." However, where an inmate constantly complies with a standing order such as the one here but ultimately violates it at a time which may be long removed from the initial advice of the order's existence, there is not a failure "to promptly comply with an order." To constitute an infraction of Major Rule 11, the disobedience of an order must be reasonably near in time to the giving of that order.[1]

Although petitioner's conduct might well be chargeable under some major or minor institution rule, it was not chargeable under Major Rule 11. *Cf. Ross v. OSP,* 22 Or App 209, 538 P2d 90 (1975).

Reversed.

---

[1] Whether the "advice" of the superintendent's antilittering order constituted an order in and of itself, we need not here consider.