Argued December 22, 1976, affirmed January 17, 1977

DAVID L. SITTER, *Petitioner,*
*v.*
OREGON STATE CORRECTIONAL INSTITUTION,
*Respondent.*
(No. 383-D, CA 6843)
558 P2d 1254

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In this disciplinary proceeding petitioner appeals from an order finding that he violated the Corrections Division's Major Rule 7, possession, manufacture or use of dangerous contraband (marihuana), and Major Rule 10, disobedience of an order, in that, contrary to a standing order of the institution that only one inmate at a time was to be present in the gear room, petitioner was there with another inmate.

■ Petitioner points out that *Anderson v. OSP,* 26 Or App 193, 552 P2d 256 (1976), holds that the predecessor to Major Rule 10 did not cover violation of a standing order. However, since that time the rule has been amended to read:

> "No inmate shall fail to promptly comply with a valid order of a staff member. An 'order' includes written, verbal and gestured communications which direct or forbid the doing of some act over which the inmate has control. A violation of conditions of work release is a violation of this rule."

While the rule, which was apparently designed to overcome the restrictive interpretation we gave its predecessor, is not a model of draftsmanship, taking it as a whole we discern in it language covering violation of standing orders.

■ Petitioner also complains of the fact that he was found to have committed two disciplinary rule violations in the course of the same transaction. Petitioner was found to have possessed marihuana at the same time he was in violation of the standing order against there being more than one inmate in the gear room at the same time. To impose two sanctions for two separate acts of misconduct is manifestly different than considering the same conduct to be a violation of more than one disciplinary rule, the act that is criticized by this court in *Hindman v. OSP,* 25 Or App 61, 547 P2d 646 (1976).

Affirmed.