THORNTON, J.
This is a petition by an inmate for review of an order of the Superintendent of the Oregon State Penitentiary which affirmed a decision of its disciplinary committee. Petitioner contends that the committee erred in finding him guilty of (1) attempt to use a telephone without proper authority (Rule 14 of the Rules of Prohibited Conduct)[1] and (2) disobedience of an order (Rule 10).[2]
The essential facts as disclosed by the record are as follows:
Corrections Officer Randlett reported that he observed petitioner and three other inmates playing cards in the hospital ward and ordered them to put the cards away. Five minutes later Randlett observed them continuing to play. Randlett then asked if they were gambling and petitioner said they were. Randlett again asked them to put the cards away. Petitioner told Randlett this was an illegal order, since the inmates were allowed to play cards. Randlett again told him to put away the cards. Petitioner then picked up the telephone without permission and tried to call the watch commander. Randlett stated petitioner was either guilty of gambling or lying to staff, but did not charge petitioner with gambling.
*[464] Petitioner stated that he was playing pinochle, as he had been doing every night for eight years, and that this was allowed in the institution. He bought the cards in the prison canteen. Petitioner insisted that card playing was permitted and attempted to telephone the watch commander to verify it. Subsequently petitioner spoke with another officer of the institution who informed Randlett that the inmates were permitted to play cards.
As to the first assignment, the crux of petitioner’s argument here is that there is no institutional rule prohibiting "using a telephone without authority,” and ergo petitioner could not be guilty of an attempt to violate a nonexistent rule. The state responds to this argument by asserting that the assigned error is not properly before the court because petitioner admitted the rule violation in question.
According to the record, when asked how he pleaded to the above charges, petitioner stated:
"I plead Not Guilty to all the charges except for the attempt to use the telephone. I was wrong in doing that 4c 4c 4: 99
If, as petitioner contends, there is no rule prohibiting using a telephone without proper authority, we would agree that there is substance to his argument that he could not plead guilty to violating a nonexistent rule. By analogy to the rule in criminal cases, this defect would not be waived by a plea of guilty and could be raised for the first time on appeal. ORS 136.500 et seq; ORS 135.630(4). See State of Oregon v. Mack, 20 Or 234, 25 P 639 (1891); State of Oregon v. Lawrence, 20 Or 236, 25 P 638 (1891); State v. Martin, 54 Or 403, 100 P 1106, 103 P 512 (1909).
While "using a telephone without authority” may well be prohibited by some standing order of the penitentiary, there is nothing in the record to indicate or establish that any such standing order exists. Accordingly, although violation of standing orders is now covered by Major Rule 10, see Sitter v. OSCI, 28 Or *[465] App 89,558 P2d 1254 (1977), in the absence of proof of any such standing order we must reverse on the first charge.
We now take up petitioner’s second assignment, namely that there was insufficient evidence to find petitioner guilty of disobedience of an order.
Petitioner contends that since playing cards was a permissible activity the order to stop was invalid. He points to the fact that another corrections officer disputed the validity of Officer Randlett’s order on this ground.
The Disciplinary Committee’s decision makes reference to a dispute between "the [complainant] officer and staff” apparently concerning the validity of the order, but goes no further.
According to the testimony, Officer Randlett issued two orders to stop playing cards. Prior to issuing the second order Randlett asked petitioner if petitioner and his companions were gambling and petitioner replied that they were. Randlett then again ordered them to stop playing cards. Again petitioner refused to obey the second order. Gambling is prohibited in all institutions under supervision and control of the Corrections Division, OAR 291-40-050 (Rule 12).
 Under ORS 41.360(15)[3] there is a disputable presumption that official duty was regularly performed. This presumption applies here, namely, that the order of Officer Randlett to stop playing cards was a valid order. Fowler v. OSCI, 18 Or App 280, 525 P2d 191 *[466] (1974). Accordingly it was incumbent upon petitioner to establish that the order was invalid. He failed to do so.
As we said in Fowler,
"* * * Without competent supporting evidence in the record to substantiate petitioner’s version of the matter, the statutory presumption of regularity is controlling * * jfc 99
There was sufficient competent evidence to support the committee’s finding that petitioner had disobeyed a valid order.
Affirmed in part; reversed in part.

 “Attempt. No inmate shall engage in conduct which constitutes a substantial step toward the commission of a major rule(s) violation with intent to commit a major rulefe) violation.
"This rule is a lesser included charge for all major rules set forth above.” Rule 14 of the Rules of Prohibited Conduct.

 "Disobedience of An Order. No inmate shall fail to promptly comply with a valid order of a staff member.
"An 'order’ includes written, verbal, and gestured communications which direct or forbid the doing of some act over which the inmate has control.
"A violation of a condition of Work Release is a violation of the rule.” Rule 10 of the Rules of Prohibited Conduct.

 ORS 41.360(15) provides:
"All presumptions other than conclusive presumptions are satisfactory, unless overcome. They are disputable presumptions, and may be controverted by other evidence, direct or indirect, but unless so overcome, the jury is bound to find according to the presumption. The following are of that kind:
******
"(15) Official duty has been regularly performed.”