# FREDRICK W. CARROLL, *Petitioner,*
## *v.*
# OREGON STATE PENITENTIARY, *Respondent.*
## (Agency No. 08-77-097, CA 9159)

575 P2d 172

See also, 33 Or App 83, 575 P2d 173.

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for petitioner. With her on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is a prison disciplinary case in which petitioner was found guilty of being in an unauthorized area and of making a false statement. Both charges arose out of the same incident. Petitioner claims that there was insufficient evidence to find him guilty of being in an unauthorized area and that his actions did not constitute making a false statement within the rule.

On August 15, 1977, at approximately 6:50 a.m., petitioner presented a pass to a corrections officer in order that he be permitted to enter the hospital area to see a doctor. Petitioner had an appointment with a doctor and was on the call-out sheet to be present at the hospital at 7:00 a.m. The officer recognized the signature on the pass as a forgery and asked the petitioner who had signed the pass. Petitioner admitted that he had signed the pass so that he could use it to get out of his cell and to the hospital to keep his appointment with the doctor. Petitioner stated that he had signed the pass with the name of a corrections officer, since there was no officer available to sign the pass, and the pass with a signature was needed to get to the hospital area.

Oregon Administrative Rules, ch 291, § 291-40-050(3) states:

> "(3) Unauthorized Area. No inmate shall be in or at any location not designated by assignment, programmed activity, call out, or staff directive."

It is undisputed that petitioner was on the call-out sheet to be in the hospital. The state argues that since the pass used by petitioner was forged his entry to the hospital was unauthorized. OAR 291-40-050-(3) does not mention passes but is only concerned with inmates' presence in areas where they are not scheduled to be. In this case, petitioner was where he was supposed to be and cannot be held to have violated OAR 291-40-050(3) on that account.

■ We cannot support petitioner's claim that his forgery of the signature of a corrections officer on a pass does not constitute a false statement in regard to information needed for material matter.[1] The presentation of a forged pass constitutes a false statement of permission to move from one area of the prison to another. The movement of inmates within the prison is clearly a material matter.

Petitioner's final contention is that the committee erred in finding him guilty of two offenses arising out of the same conduct. Petitioner relies upon *Hindman v. OSP,* 25 Or App 61, 547 P2d 646 (1976). Since we hold that petitioner did not violate OAR 291-40-050(3), the committee should have imposed punishment only for violation of OAR 291-40-050(7), and we remand for this purpose.

Affirmed in part; reversed in part and remanded.

---

[1] OAR 291-40-050(11) states:

"(11) False Statements to Staff Members. No inmate shall wilfully make false statements to staff members in regard to information needed for material matters."