[Filed January 6, 1891.]

## THE STATE OF OREGON v. E. LAWRENCE, INDICTED BY THE NAME OF ABE LAWRENCE.

INDICTMENT INSUFFICIENT TO SUSTAIN A CONVICTION OF LARCENY FROM THE PERSON.— An indictment which charges that L., on the 28th of October, 1890, in the county of M. and state of Oregon, did feloniously in and upon G. L. make an assault, and him, the said G. L., did put in fear and in danger of his life and of great bodily harm, and one silver watch of the value of ten dollars did forcibly, violently and against his, the said G. L.'s will, feloniously steal and carry away the said watch, then and there being the personal property of the said G. L., will not sustain a conviction of the crime of larceny *from the person*.

INDICTMENT—ROBBERY BY PUTTING IN FEAR, ETC.—An indictment for the crime of robbery under section 1742, Hill's Code, is defective which fails to charge that the offense was committed by force and violence, or by putting in fear of force and violence or assault, as the case may be.

INDICTMENT FOR ROBBERY—LARCENY FROM THE PERSON.—A conviction for the crime of larceny from the person cannot be sustained under an indictment for robbery which fails to charge that the property was taken from the person.

Multnomah county: L. B. STEARNS, Judge.

Defendant appeals.    Reversed.

The defendant was indicted for the crime of robbery and convicted of the crime of larceny from the person.  The charging part of the indictment is as follows: "The said Abe Lawrence, on the 28th day of October, 1890, in the county of Multnomah and state of Oregon, did feloniously in and upon one Geo. Lebo make an assault, and him, the said Geo. Lebo, did put in fear and in danger of his life and of great bodily harm, and one silver watch of the value of ten dollars did forcibly, violently and against his, the said Geo. Lebo's, will, feloniously take, steal and carry away the said watch, then and there being the personal property of said Geo. Lebo, contrary," etc.  No bill of exceptions is contained in the record, and the sole question therefore is, whether or not the indictment is sufficient to sustain the judgment of conviction.

*Gilbert J. McGinn,* for Appellant.

Robbery is larceny committed by violence from the person of one put in fear.  (2 Bishop Cr. L. § 1156.)

The name of the crime is unimportant.  (1 Bishop's Cr. Proc. § 416; *State* v. *McCormick,* 27 Iowa, 413; *State* v. *Davis,* 41 Iowa, 311; *State* v. *Shaw,* 35 Iowa, 575; *Corn* v. *Smith,* 6 Bush, 263; *Watson* v. *State,* 29 Ark. 299.)

In statutory robbery, the particular terms of the statute must be followed.  (2 Bishop's Cr. Proc. § 1002.)

The averment that the taking was *from the person* of the one robbed is essential.  (*Kit* v. *The State,* 11 Humph. 167; *People* v. *Beck,* 21 Cal. 385; *Stegar* v. *The State,* 39 Ga. 583, 99 Am. Dec. 472.)

*T. A. Stevens,* dist. att'y, and *W. T. Hume,* for Respondent.

The appellant failed to demur to the indictment or move in arrest of judgment.  The respondent has therefore moved this court to dismiss the appeal on the ground that the

sufficiency of the indictment not having been raised in the court below either by demurrer or motion in arrest of judgment, this court cannot entertain the appeal. (Hill's Code, §§ 1330, 1391, *et seq.; Territory* v. *Carland,* 6 Mont. 14; *State* v. *Jarvis,* 18 Or. 360; *State* v. *Abrams,* 11 Or. 169.)

There is no question but what the indictment charges a crime, and the court below was not, therefore, without jurisdiction to try the appellant. The only claim is that the indictment does not contain sufficient to charge the crime of which the appellant was convicted. This objection should have been made in the lower court.

STRAHAN, C. J.—Section 1742, Hill's Code, defines the crime for which the pleader attempted to indict the defendant. That section provides: "If any person not being armed with a dangerous weapon, shall by force and violence, or by assault, or by putting in fear of force and violence or assault, rob, steal or take from the person of another any money or other property which may be the subject of larceny, such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary not less than one nor more than five years." It will be observed that this indictment fails to charge that the property in question was taken *from the person* of Geo. Lebo. The jury having convicted the defendant of the crime of larceny from the person, he was sentenced to the penitentiary for a crime not charged in the indictment.

The indictment is fatally defective in another particular. It is not charged that this crime was committed "by force and violence, or by putting in fear of force and violence or assault." It is the violation of the sacredness of the person by any of the means enumerated in the statute, whereby one's property is taken, which the law punishes, and not the mere fact that a larceny is committed. The pleader ought, therefore, to aver that the property was taken from the person by some of the means mentioned. The defendant may have used force and violence, or assaulted the prosecutor, or put him in fear of force and violence or assault, yet, if he

did not rob, steal or take from the person the property in question *by* some one or more of the means enumerated, the crime is not made out. If the crime were properly charged, and any of the acts mentioned in the statute were committed at the time the property was taken, a jury would have no difficulty in reaching a correct conclusion. Counsel for appellant cite section 1765, Hill's Code, which provides: "If any person shall commit the crime of larceny by stealing from the person of another, such person shall," etc. From this he argues that inasmuch as the taking from the person is not charged, that part of the verdict of the jury is to be rejected as surplusage and the cause remanded to the court below with directions to sentence the prisoner for the crime of petit larceny. But we are not satisfied that such disposition of the case would be proper. The grand jury were evidently of the opinion that a felony had been committed, and aimed to charge the defendant therewith. If the defendant has committed a felony, there is no legal reason why he should not be tried for that crime, if the court below and district attorney so elect.

The judgment will, therefore, be reversed and the cause be remanded to the court below for such further proceedings as may be according to law and the practice of that court.