Argued June 18, decided August 4, 1908.

STATE v. YOUNG.

[96 Pac. 1067.]

ASSAULT AND BATTERY—BURDEN OF PROOF—EVIDENCE—ADMISSIBILITY.
    1. Under Section 1370, B. & C. Comp., providing that a plea of not guilty controverts every material allegation in the indictment, the State, on accused's plea of not guilty to an indictment charging an assault with a dangerous weapon by shooting prosecutor, has the burden of proving each material element of the charge, and it has the right to introduce evidence relevant to the issues, though accused on the trial admits the assault by shooting and pleads a justification. It is therefore proper on a trial for assault with a dangerous weapon by shooting, to introduce evidence as to the character of the wounds inflicted, their extent, and the point at which missiles entered or departed from the body.

CRIMINAL LAW—EVIDENCE.
    2. Evidence of facts in themselves relevant to the guilt of accused is not inadmissible because he admits or offers to admit that such facts are true.

ASSAULT AND BATTERY—EVIDENCE—ADMISSIBILITY.
    3. On a trial for assault with a dangerous weapon, accused, seeking to justify on the theory that prosecutor was about to commit a felony on accused's wife, cannot prove that prosecutor's moral character was bad, that

he had disturbed the family relations of others, that he had interfered with accused's domestic relations, that he had been guilty of certain acts towards accused's wife from which the inference might be drawn that he was attempting to seduce her, and with such knowledge accused acted under the belief that his wife was in imminent danger; there being nothing to show that prosecutor had offered any personal violence to accused or the person of his wife, who was not present at the time of the assault.

SAME—SELF-DEFENSE.

4. Under Section 1654, subd. 1, B. & C. Comp., providing that a resistance to the commission of crime may be lawfully made by the party about to be injured or by another in his aid, to prevent crime against his person, etc., and Section 1757, subd. 1, B. & C. Comp., providing that the killing of a human being is justifiable when committed by any person to prevent the commission of a felony on such person or on his wife, etc., a husband has the right to resist an assault about to be made on his wife, and to use such reasonable force as may be necessary to that end; but the circumstances must be such that the wife has the right to use such force in her own defense, for the right to defend another is no greater than the latter has to defend himself.

HOMICIDE—MANSLAUGHTER.

5. A husband is not justified in killing or attempting to kill another to prevent the seduction of his wife by artifice or fraud, and a husband killing one in the act of committing adultery with his wife is guilty of manslaughter.

ADULTERY—NATURE OF OFFENSE.

6. Adultery is a felony under the statute, but is not a felony on the party intending to voluntarily participate therein.

HOMICIDE—JUSTIFICATION.

7. Homicide in the defense of chastity of a wife, to be justifiable, must be to prevent a present and impending violation thereof and reasonably necessary to prevent it, for statutes with reference to homicide, justifiable because committed in defense, relate to transactions occurring to parties present at the time and place of its occurrence, and have no application to a case in which the danger is to an absent person.

CRIMINAL LAW—APPEAL—REVIEW—BILL OF EXCEPTIONS.

8. In the absence of objections or exceptions in the bill of exceptions covering instructions given by the court and remarks made by the prosecuting attorney in his argument to the jury, objections to the instructions and argument cannot be considered.

From Multnomah: JOHN B. CLELAND, Judge.

The defendant, Joe Young, was convicted of the crime of assault with a dangerous weapon, and from the judgment and sentence which followed, he appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Cicero M. Idleman* and *Mr. William R. McGarry*, with an oral argument by *Mr. Idleman.*

For the State there was a brief over the names of *Mr. Andrew M. Crawford*, Attorney-General, and *Mr.*

*Isaac H. Van Winkle,* Assistant Attorney-General, with an oral argument by *Mr. Van Winkle.*

Opinion by MR. COMMISSIONER SLATER.

1. Upon the trial defendant admitted assaulting Van Dran by shooting and wounding him, and pleaded justification thereof. The theory of the defense was that defendant believed Van Dran was about to commit a felony upon the former's wife, by committing adultery with her, and to prevent the accomplishment of such unlawful purpose, and to protect her and their children, as well as himself, from infamy and disgrace, it was necessary to make the assault.

The first assignment of error relied upon to reverse the judgment, is the admission of the testimony of two physicians as to the number and character of the gunshot wounds suffered by Van Dran as the result of defendant's assault. The objection was that the extent of the injury done and the manner in which it was done became incompetent and immaterial, upon defendant having admitted the shooting and pleaded justification. The argument is that, if the defendant was warranted in making the assault and attempting to take the life of his adversary, the particulars relating to the character of the wounds, their extent, and the point at which the missiles entered or departed from the body have nothing to do with the question of defendant's guilt, and could serve no other purpose than to prejudice the jury against defendant. But a plea of not guilty was entered to the charge, and that controverts, and is a denial of, every material allegation in the indictment. Section 1370, B. & C. Comp.

2. The burden of proving each material element of the charge beyond a reasonable doubt was, therefore, upon the State, and the right to offer and have received evidence relevant and material to the issue cannot be taken away by the defendant admitting or offering to admit that the part of the charge sought to be proven

is true. "Evidence of facts which in themselves are relevant to the guilt of the accused are not inadmissible because he admits or offers to admit that such facts are true." 12 Cyc. 391.

Thus the fact that defendant, in a prosecution for homicide, admits the killing, does not render inadmissible the weapon which he used (*State* v. *Jones,* 89 Iowa, 182: 56 N. W. 427), or the clothing worn by the deceased (*State* v. *Winter,* 72 Iowa, 627: 34 N. W. 475); and the fact that defendant in a prosecution for forgery admits that certain notes are forged, and that he passed them, does not render the notes inadmissible (*Commonwealth* v. *Miller,* 3 Cush. [Mass.] 243). The evidence offered was material and relevant. *State* v. *Remington,* 50 Or. 99 (91 Pac. 473).

3. The evidence admitted without objection, tended to show that Van Dran and the defendant, each conducted a saloon about four doors apart, in the same block on Washington street, in the city of Portland, in this State; that they had been acquainted with each other for a number of years, and had been on friendly terms; that a few minutes before the making of the assault, and about half-past 12 o'clock at night, the defendant, who for some time had been living apart from his wife, on account of domestic troubles claimed to have been caused by Van Dran, saw his wife passing his place of business and going up the street towards the former's place of business, and, secretly following her, saw her go into a stairway leading to some private apartments over Van Dran's saloon, which rooms the latter maintained; that, supposing his wife had gone upstairs to these rooms, defendant went into the saloon, met Van Dran, had a friendly greeting, took a drink with him, and then asked him to step outside, saying he wished to speak to him; that on reaching the sidewalk defendant accused Van Dran of having made some statements derogatory of the former's treatment of · his wife, but

the latter disclaimed having done so, and in response to a call that he was wanted inside, Van Dran returned to the room, defendant following; that when he got inside, six or eight feet from the door, defendant fired a pistol at him, wounding him in the arm, and immediately afterwards fired two other shots into his body while he was behind the bar.

Defendant offered to show that Van Dran's moral character was bad; that he had interfered with and disturbed the family relations of others, of all of which matters defendant had been informed; that Van Dran had interfered with defendant's domestic relations, resulting in an estrangement and the latter's separation from his wife; that he had been guilty of certain acts toward defendant's wife, and had made certain declarations to her, from which the inference might fairly be drawn that he was attempting to seduce her; and that, with such knowledge, defendant, at the time of making the assault, was acting under the belief that his wife, if found in Van Dran's presence or in his place of business, was in imminent danger, and that in fact Van Dran was intending to commit the crime of adultery with her that night, to prevent which he made the assault—all of which, on objection by the state, was rejected, and on this account error is assigned.

It is not claimed, nor was there any evidence tending to show, that Van Dran had offered or attempted any personal violence to the defendant at the time of the assault, or to the person of defendant's wife, who it is admitted was not present; nor had he made any threats that he would do any violence to either of them. But he attempts to justify the assault by the claim that it was necessary to prevent Van Dran from committing adultery with defendant's wife that night, which he believed the former was seeking to accomplish by artifice and the active co-operation of the wife.

4. There are some circumstances under which an act that would otherwise be a crime is justifiable. In such

case no crime is committed. By Section 1654, subd. 1, B. & C. Comp., resistance to the commission of crime may be lawfully made by the party about to be injured, or by any other person in his aid or defense when it is necessary to prevent a crime against his person; and Section 1757, subd. 1, B. & C. Comp., justifies the killing of a human being when done by any person to prevent the commission of a felony upon such person or upon his wife. By virtue of these provisions of the statute it is not only the right, but it is the duty, of the husband to resist an assault about to be made upon his wife, and to use such reasonable force as may be necessary to that end; and, if necessary to prevent the commission of a felony upon his wife, the husband is justified even in taking the life of her assailant. The circumstances, however, must be such that the wife had the right to use the force in her own defense. For the right to defend another is no greater than such other person has to defend himself. *State* v. *Melton,* 102 Mo. 683 (15 S. W. 139). "A person has a right to use violence in defense of another only when the imperiled person would have been justified in using it in his own defense." Wharton, Homicide (3d ed.) 776.

5. Whatever may have been the state of defendant's mind as to a belief that Van Dran was intending or about to commit adultery with Mrs. Young that night, and whether such belief was well-founded in fact or not, was wholly immaterial, and could in no way aid him in his defense. Mrs. Young was not present at the time of defendant's assault upon Van Dran, and therefore she could not then have been the subject of an assault to commit a felony by the latter, or in imminent danger of one. She was not under duress by Van Dran, but, on the contrary, was voluntarily acting in concert with him, for she testifies that she went to the building in response to a telephone message from him. A husband is not justified in killing or attempting to kill another

to prevent the seduction or debauching of his wife by artifice or fraud. Clarke & Marshall, Law of Crimes, § 288. But, if the adultery is by the consent of the wife, the husband, taking the offender even in the act and killing him, is guilty of manslaughter. Kerr's Law artifice or fraud. Clarke & Marshall, Law of Crimes, §§260e, 275. "A husband or father may justify killing a man who attempts a rape upon his wife or daughter, but not if he takes them in adultery by consent; for the one is forcible and felonious, but not the other." 4 Blackstone (Lewis' ed.) 181. There was no error in excluding the proffered testimony.

6. The defendant requested certain instructions, which were denied. They are too extensive to be set forth here; but it is sufficient to say that they contain the same erroneous theory urged by his counsel for the admission of his testimony, which was rightly rejected. They include the proposition that, because the State makes adultery a felony, if the defendant believed that Van Dran was about to attempt to commit such crime with defendant's wife, and that the accused feared and had reason to fear, from the acts, language or demonstration of Van Dran, that he was about to carry his design into execution at, or shortly after, the time of the assault, and acting under this apprehension he made the assault, the law would justify him. But, though adultery is a felony under the statute, it is not a felony upon the party intending to voluntarily participate therein. She is *particeps criminis*, and not one upon whom an assault to commit a felony is being made.

7. Such circumstances, therefore, furnish no basis for a husband to invoke the principle of a necessary assault in defense of his wife. So too, "statutes with reference to homicide, justifiable because committed in defense, relate to transactions occurring in respect to parties present at the time and place of its occurrence, and have no application to a case in which the danger is to an

absent person." Wharton, Homicide (3d ed.) 772. And homicide in defense of the chastity of a wife, to be justifiable, must be to prevent a present and impending violation thereof, and reasonably necessary to prevent it, not a part offense or future attempt. Wharton, Homicide, §§ 769-773.

8. Some complaint is made of the instructions as given, and also of some remarks claimed to have been made by the deputy prosecuting attorney while addressing the jury; but we find no objections or exceptions in the bill of exceptions covering either of these matters, and therefore they cannot be considered.

Finding no error, the judgment must be affirmed.

AFFIRMED.