Argued October 9, affirmed October 15, 1918.

## STATE *v.* KAPSALES.

### (175 Pac. 433.)

**Criminal Law—Evidence—Corroboration of Accomplice—Sodomy.**

1. The objection that corroboration of the prosecuting witness in a sodomy case is necessary on the accomplice theory is untenable, where the jury found such witness resisted the commission of the act.

> [As to convicting on testimony of accomplice, see notes in 71 Am. Dec. 671; 34 Am. Rep. 408; 98 Am. St. Rep. 158.]

**Criminal Law—Review—Jury as Sole Judge of Facts.**

2. The jury is the sole judge of the facts in a sodomy prosecution, and a conviction will not be disturbed, where the record discloses evidence sufficient for submission to the jury.

**Criminal Law—Review—Misconduct of Counsel—Favorable Ruling.**

3. Appellant, convicted of crime, cannot complain of a ruling of court stopping alleged improper remarks of the district attorney.

**Criminal Law—Objection—Remarks of Counsel.**

4. Where no objection was made nor ruling had on alleged improper remarks of counsel, the appellate court cannot review the matter.

**Criminal Law—New Trial—Motion—Sufficiency.**

5. A motion for new trial for misconduct of the district attorney and supporting affidavit *held* to be conclusions drawn from the evidence, and not the evidence nor facts called for by Section 177, L. O. L., when made on grounds provided for in Section 174, subdivisions 1, 2, 3, or subdivision 4.

From Columbia: James A. Eakin, Judge.

The defendant was convicted of the crime of sodomy, sentenced to serve from one to fifteen years in the penitentiary, and appeals. Affirmed.

For appellant there was a brief over the names of *Mr. Senaca Fouts* and *Mr. Alex Sweek,* with an oral argument by *Mr. Fouts.*

For the State there was a brief and an oral argument by *Mr. G. R. Metsker,* District Attorney.

OLSON, J.—Defendant bases his appeal on four points. (1) Proof of emission is necessary. (2) Corroboration is necessary, other than the testimony of the person upon whom the crime charged was committed. (3) The evidence was not generally sufficient to sustain a conviction, and (4) the district attorney was guilty of improper conduct in his speech to the jury, sufficient to entitle appellant to a reversal.

The first point was waived by counsel in argument, as it is statutory law in this state that no such proof is required.

1. As to the second point, our statute requires and all juries are charged, as in this case, that they are not bound to find in accordance with the testimony of any number of witnesses that does not satisfy their minds as against a lesser number. The requirement of corroboration is statutory or constitutional, as in the case of treason, custom, or adultery. The only question that could arise here on this point was as to whether the subject of this crime was an accomplice. The trial court, by an appropriate instruction, submitted to the jury the question as to whether the person complaining of the criminal attack was an accomplice, and, further, that if the jury found from the evidence that he was an accomplice, corroboration of the testimony of the complaining witness must be found before appellant could be convicted. The complaining witness testified that he resisted the commis-

sion of the act, and the jury having found on this point by their verdict this court will not pursue the subject further.

2. As to the third point the jury is the sole judge of the facts. The record discloses sufficient evidence to go to the jury.

3, 4. The fourth point involves the alleged misconduct of the district attorney in making improper remarks in his address to the jury. He made some reference to Greeks "bootlegging," and counsel for appellant objected. The trial court sustained the objections and the district attorney dropped the subject. There is no error in this. The court held with appellant, and surely no error can be predicated on a ruling of the court stopping alleged improper remarks. Later the district attorney said, "A man who will do this once will do it twice." This would seem to be merely argumentative, and in answer to argument of appellant's attorney, who had argued that the time testified to by witnesses would not have been sufficient for the commission of the offense. The district attorney argued that appellant had probably acquired facility by doing it before, and it would seem to be merely argumentative and not a stating of a fact that the crime had been actually committed by appellant before. The district attorney further referred to glories of past Greece and her present condition, and inferred that a decline in morals was responsible therefor, and this is complained of as prejudicial. The record, however, discloses that no exception to these remarks was made by counsel for appellant, and necessarily no ruling was had. This court cannot pass upon error of the lower court where no objection was made and no ruling had: *State* v. *Young,* 52 Or.

227 (96 Pac. 1067, 18 L. R. A. (N. S.) 688); *State* v. *Anderson,* 10 Or. 448.

5. Upon instructing the jury the court cautioned the jury against statements of counsel not supported by the testimony, and told them to disregard such statements; and further instructed the jury that race or lack of being a citizen of this country should not affect their verdict. Counsel for appellant offered no requests for instructions and did not except to the instructions given. Thereafter appellant's counsel filed a motion for a new trial on the ground that *inter alia* "irregularity in the proceedings of the State of Oregon, in this: that the district attorney for said county in his argument to the jury during the trial of the said cause, stated that it was his opinion that the defendant was guilty and should be convicted," and annexed an affidavit containing practically the same words. This motion was overruled and defendant contends that this is error. Section 177, L. O. L., provides:

"In all cases of motion for a new trial, the grounds thereof shall be plainly specified, and no cause of new trial not so stated, shall be considered or regarded by the court. When the motion is made for a cause mentioned in subdivisions 1, 2, 3, or 4 of Section 174, it shall be upon affidavit, setting forth the facts upon which such motion is based."

An examination of the evidence shows that both motion and affidavit are conclusions drawn from the evidence and not the evidence itself, nor the facts called for by the statute. The particular remarks of the district attorney complained of on appeal are not specified in the motion, or the affidavit supporting the same. The motion and affidavit are not a compliance with Sections 174 and 177, L. O. L., and the

motion was properly overruled. This court has already held that misconduct of counsel in remarks to the jury not excepted to and upon which the court makes no ruling, is an irregularity and must be presented under Sections 174 and 177, L. O. L., in order to be available on appeal.

The decree of the lower court is affirmed.

AFFIRMED.

McBRIDE, C. J., and BEAN and JOHNS, JJ., concur.