Argued February 16, affirmed April 1, petition for rehearing
denied April 27, petition for review allowed June 22, 1971

STATE OF OREGON, *Respondent, v.*
TERRY LEE ZIMMERLEE, *Appellant.*

483 P2d 111

*William H. Ferguson*, Medford, argued the cause for appellant. With him on the briefs were Robert H. Grant and Grant & Ferguson, Medford.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

Defendant appeals from conviction of armed robbery. ORS 163.280. His assignments of error are that (1) the trial court should not have received evidence of another crime committed by defendant on the same evening as that alleged in the indictment, and (2) the indictment is defective.

In the prosecution's evidence of the crime charged was testimony that defendant accosted Larry Palmer at about 6:30 p.m. on March 6, 1970, inside a drive-in restaurant in Medford. Defendant said he had some

friends outside in a vehicle who had bet that he, defendant, could not get Palmer's boots away from him.

Palmer bought some hamburgers. A few moments later, in the parking lot outside, he was sitting on his motorcycle eating them. Defendant again approached him and asked for the $50 boots which Palmer was wearing, offering $1 for them. Palmer refused, then saw defendant was pointing a pistol at him. Palmer testified:

"* * * I started moving and he said 'It's cocked and it's loaded,' and he says 'I think we want your boots now,' and I said 'Yes, I think you do,' so I bent over and started unbuckling them."

Defendant took the boots, paid nothing, and before he drove away with others in a vehicle, left his own shoes because Palmer complained he had nothing for his feet. Defendant contended at trial that this was a friendly trade.

A Mr. Charley testified that later on the same evening, as he was driving on Medford streets, defendant and some other men in a vehicle pursued him and challenged him to fight. When he arrived at his destination they were still pursuing him and defendant alighted from the pursuing vehicle, threatening him with a pistol. Defendant handed the pistol to a companion and provoked a fight with Charley. At this point a police officer arrived and arrested the defendant. The officer testified he searched the vicinity, finding a pistol and magazine clip lying in the wet grass 25 or 30 feet away. The pistol and the clip were dry. The pistol was received in evidence and Palmer testified it appeared similar to the one defendant had held on him. When he objected to the evidence of the later episode, defendant offered to stipulate that he

had the pistol in his possession at the later time. The prosecution chose to put on the evidence rather than accept the stipulation. The court allowed the evidence.

■ ■ The evidence of the later alleged crime was properly received, because it showed a common scheme or plan embracing the commission of two crimes, so related to each other that proof of one tends to establish the others. See *State v. Woolard,* 2 Or App 446, 467 P2d 652, Sup Ct *review denied* (1970).

■ The evidence disclosed that defendant, in company with other men, was traveling about Medford in a vehicle on the evening involved, aggressively sought trouble, and displayed a pistol in each of the two incidents. The trial judge considered this to be a common scheme or plan. This is a logical inference that can be drawn from the evidence. The prosecution was entitled to prove the later incident by evidence. Defendant could not lighten the impact of competent and complete evidence against himself by stipulating to part of it. *State v. Leland,* 190 Or 598, 630, 227 P2d 785 (1951), *aff'd* 343 US 790, 72 S Ct 1002, 96 L Ed 1302 (1952).

■ ■ The indictment, although not a model pleading of armed robbery, adequately charged the crime under ORS 163.280. The first challenge to the indictment came in a dismissal motion after the state had rested its case. This challenge is, in effect, a demurrer on the ground that the facts stated in the indictment do not constitute a crime, and is permissible after commencement of trial. ORS 135.640. For purposes of this challenge, the essentials of ORS 163.280 provide:

> "Any person * * * being armed with a dangerous weapon, who assaults another and who * * * takes from the person assaulted any * * * property * * *,"

shall be punished. Comparable essentials of the indictment allege that the defendant,

"\* \* \* being armed with a dangerous weapon, to wit: a pistol, did \* \* \* feloniously assault \* \* \* Palmer, a person, and did take from \* \* \* Palmer \* \* \* boots \* \* \*."

The gist of defendant's argument is that it is necessary that the indictment contain allegations that the boots were taken *from the person* of Palmer *by reason* of the alleged assault. *State of Oregon v. Lawrence*, 20 Or 236, 25 P 638 (1891), which set down such criteria, is relied upon by defendant. The indictment in that case was based upon the then existing unarmed robbery statute, not the present armed robbery statute, ORS 163.280.① Further, the indictment in that case failed to allege the property was taken "from" the victim.

■ The indictment questioned here is couched in the words of ORS 163.280, and if the statute is valid, this is generally held to be sufficient. *State v. Tracy*, 246 Or 349, 425 P2d 171 (1967). This indictment alleges that the property was taken from Palmer, a person. It need not allege that the property was taken from his person. The taking of property, not from his person but rather from his control, that is, his constructive possession, may fulfill this requirement. *State v. Carcerano*, 238 Or 208, 220, 390 P2d 923 (1964), *cert denied* 380 US 923 (1965).

In *State v. Broom et al*, 135 Or 641, 645, 297 P2d 340 (1931), the court, after considering the decision in

---

① The statute under which *Lawrence* was indicted was 1, Hill's Annotated Laws of Oregon, § 1742 (1st ed 1885), which defined unarmed robbery and specifically stated that the property must "by force \* \* \* or \* \* \* fear \* \* \* [be taken] from the person of another \* \* \*."

*Lawrence,* approved the armed robbery indictment in the *Broom* case. It contained no allegation that the taking was *by reason* of the assault. In its decision in *Broom,* the court noted:

"* * * [T]he time is past when it was necessary to make technicalities the means of justice * * *."

ORS 132.590 instructs that no indictment is insufficient by reason of an imperfection in a matter of form that does not prejudice substantial rights of the defendant on the merits. A person of common understanding should know what was intended by the indictment in the case at bar. This is the requirement of our criminal pleading statutes. ORS 132.520 (2) and ORS 132.540(1)(f) and (2). *State v. Freeman,* 4 Or App 627, 481 P2d 638 (1971). The record demonstrates without doubt that defendant understood the charge against him and prepared his defense accordingly. The challenge to the indictment obviously was an afterthought.

Affirmed.