Argued August 23, affirmed September 4, petition for rehearing
denied September 26, petition for review denied November 20, 1973

STATE OF OREGON, *Respondent, v.*
ALINE BELL (No. C-73-01-0019), *Appellant.*

513 P2d 811

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

LANGTRY, J.

Defendant was charged with assault in the second degree, ORS 163.175, hindering prosecution, ORS 162.325, and escape in the first degree, ORS 162.165, in three counts of one indictment. The court granted a directed verdict of acquittal of assault in the second degree and escape in the first degree, but submitted to the jury assault in the third degree as a lesser included offense under assault in the second degree. It also submitted the hindering prosecution count. The jury found the defendant guilty of both crimes thus submitted.

Defendant has appealed, asserting (1) that it was error to submit the lesser included offense, and (2) that evidence in the form of Ritalin, a dangerous

drug, found in possession of defendant's brother should not have been received over her objection. Police officers were struggling with defendant's brother, Willie Lee Bell, who was resisting arrest for narcotics possession when defendant entered the affray. She swung her purse and struck one officer in the eye, effectively immobilizing him, and in the words of one of the officers:

"* * * I was holding Mr. Bell on and, on two occasions, she attempted to reach into his right-hand pants pocket."

In this pocket the Ritalin was found.

■■ ■ Assault in the third degree occurs if one "[i]ntentionally, knowingly or recklessly causes physical injury to another." ORS 163.165 (1)(a). One commits assault in the second degree if he "[i]ntentionally or knowingly causes serious physical injury to another," or "[i]ntentionally or knowingly causes physical injury to another by means of a * * * dangerous weapon." ORS 163.175 (1)(a), (b). Assault in the third degree is a Class A misdemeanor and assault in the second degree is a Class C felony. We hold that in the context of this case assault in the third degree is a lesser included offense of assault in the second degree. There is no merit to defendant's contention that the directed verdict of acquittal of the more serious offense upon completion of the state's evidence precluded the submission to the jury of the lesser offense. All of the prosecution was in the same case, and jeopardy attached only once. ORS 136.660 provides:

"*In all cases,* the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged * * *." (Emphasis supplied.)

■ ■ The defendant contends that, because she admitted her brother had been convicted of possession of the Ritalin involved and because she stipulated that if a chemist were called he would testify that Ritalin is a dangerous drug, it was error of the court to receive the Ritalin in evidence. There is no merit to this contention because the stipulation did not cover all of the relevant matters which the evidence itself disclosed with reference to the charges against this defendant. In *State v. Zimmerlee,* 261 Or 49, 54, 492 P2d 795 (1972), it was held that the state may prove its case " 'to the hilt' " but that, where a stipulation offered by the defendant covers "the only purpose that would be served" by the evidence, the stipulation should be used and the evidence not received if it indicates the commission of another unrelated crime. In the case at bar there were other purposes for the evidence than mere proof of Ritalin's being a dangerous drug. There was evidence that defendant reached twice for her brother's pocket where the Ritalin was contained. Thus, for instance, it was relevant for the jury to see how large the container was that contained the Ritalin, as that might have had some bearing on judging the facts of the assault with which defendant was charged. Further, it did not show that *this defendant* was committing a possession crime, but it was evidence that she had knowledge that her brother was committing such a crime, which, in turn, was relevant with reference to the charge against her of hindering his prosecution.

Affirmed.