Argued June 18, affirmed as modified July 8, reconsideration denied August 20, petition for review denied September 3, 1975

## STATE OF OREGON, *Respondent, v.* DAVID J. STERLING (No. 14-823), *Appellant.*

537 P2d 578

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

Defendant appeals from conviction of rape in the first degree, ORS 163.375, and sexual abuse in the first degree, ORS 163.425. These convictions are based upon the same episode for which similar convictions were reversed and remanded in *State v. Sterling,* 15 Or App 443, 516 P2d 86 (1973). The reason for reversal there involved alibi testimony. Errors assigned here are that (1) evidence of another similar criminal episode should not have been allowed, (2) the transcript of previous testimony of one of the victims should not have been received, and (3) consecutive sentences pronounced by the court are invalid.

(1) This episode occurred on October 3, 1972 and the victims were puberty age. Identification of the defendant was the principal point of contention. The state produced two other girls in their early teens who testified about a similar episode in which they were victims. In *State v. Sterling,* 15 Or App 425, 516 P2d 87 (1973), Sup Ct *review denied* (1974), the same two girls who were victims in a similar episode on November 8, 1972 were produced to testify against this defendant about the similarities in respective crimes. The victims in that case were two other girls who were attacked on October 29, 1972. In that case, and at bar, the girls positively identified the defendant as their attacker. In that case, we held that the evidence showed there were sufficient similarities in the method of operation and the appearance of the alleged attacker that the relevance of the identifica-

tion evidencé outweighed the prejudice to defendant, and there was no error.

■ At bar, there were fewer similarities shown by the evidence than in the other case, but there were enough that our ruling is the same. At bar, the two episodes occurred a little over a month apart at dusk in the same general suburban area southwest of Portland. In each case the girls were about the same age. In each they were walking together and no one else was around when they were accosted by a dark-haired, mustached man on foot. There were differences in method, besides marked similarities. In one case he held a gun on the girls and grasped them by the hair from behind as he forced them behind brush; in the other he showed no gun but grasped the girls from behind by the backs of the necks, threatening to break their necks, as he forced them behind brush. In one case he required removal of all clothes but socks by the girls; in the other he allowed upper clothing to remain. He required them to lie side by side in each case, he placed his hands on vaginas of the girls, asked them the schools they attended, told them to relax while he attempted intercourse, asked whether they had previously had intercourse and told them to wait a certain period of time before leaving. In one case he had intercourse with one only, in the other with both.

In *State v. Sterling,* supra, discussing the similarities that make evidence of other crimes competent in cases like this, we emphasized language quoted in *State v. Zimmerlee,* 261 Or 49, 53, 492 P2d 795 (1972), from 2 Wigmore, Evidence 202, § 304 (3d ed 1940):

"‘"The added element, then, [in evidencing design or system rather than intent] must be, not merely a similarity in the results, but *such a concurrence of common features that the various acts are naturally to be explained as caused by a gen-*

*eral plan of which they are the individual manifestations."' * * *."* 15 Or App at 428-29.

The similarities of this attacker's general plan of operation, taken singly, are not uncommon to the rapist. But when, as here, where identity is the major question (and it was accentuated by the alibi defense), similarities in the appearance of the attacker, plus time and place, the kinds of victims and the other methods of perpetrating the crimes mentioned above become quite relevant to a jury in deciding whether the identification made by the victims is accurate. We have considered the opinion in *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975), and, considering the differences between the type of crimes charged and the number of similarities involved, believe that this decision is reconcilable with the reasoning of that case. The court at bar carefully instructed the jury the only use for the challenged evidence was identity and cautioned against using it "to show any kind of criminal propensity." We conclude there was no error in this regard.

■ (2) Defense counsel closely cross-examined one of the girls about several of the details of her testimony, using a transcript of her testimony in the previous trial as a basis for the attempt to bring in question the accuracy of her memory. The state then offered the entire transcript of the former in-court testimony, and it was received without objection. Defendant objected to it the next day and moved, in camera, that it be stricken. If it had been stricken, the jury surely would have been in a quandary as to why, for it had heard it admitted without objection. Assuming, arguendo, that there was substantive merit to the objection, it came too late.

(3) The court sentenced defendant to 20 years' and five years' concurrent imprisonment on the verdicts here, to run consecutively to the sentences pro-

nounced in other convictions, previously mentioned. Before the reversal in this case, sentences had been pronounced for 20 and five years to run concurrently with the other sentences.

■ The state concedes that to now make the sentences consecutive would be increasing the penalty after a successful appeal and conviction on retrial, which is prohibited by *State v. Turner,* 247 Or 301, 429 P2d 565 (1967), and *State v. Stewart,* 21 Or App 555, 535 P2d 1389 (1975). Accordingly, the judgment is modified to provide that the sentences in this case shall run concurrently with other sentences defendant is now serving.

Affirmed as modified.