Argued June 16, affirmed July 19, reconsideration denied August 25, petition for review denied September 21, 1976

## STATE OF OREGON, *Respondent,*
### *v.*
## JEFFERY INGRAM, *Appellant.*
### (No. C 75-03-0731, CA 5376)
551 P2d 1301

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

**LANGTRY, J.**

As indicated in the opinion in the companion case involving this defendant, *State v. Ingram,* 26 Or App 43, 551 P2d 1303 (1976), he was convicted in May 1975 of a March 1975 burglary of the Meier & Frank store, and in June 1975 of a January 1975 burglary of the adjacent Lipman Wolfe & Company store. This appeal is from the latter conviction. Defendant was apprehended in the Meier & Frank store; the Lipman burglary occurred during night closure and was undetected until after the perpetrator thereof was gone. Thus, proving the identity of the perpetrator of the Lipman burglary was the state's major hurdle in this case. Substantial amounts of jewelry were taken in it, and unsuccessful efforts were made to force a safe with tools that were in the store.

The trial court determined that because there were sufficient similarities in the two burglaries evidence of the Meier & Frank burglary was relevant and should be received at bar. This ruling was expressly made under the third exception to the general rule that evidence of other crimes is not admissible, as stated in McCormick:

"* * * There are numerous other purposes for which evidence of other criminal acts may be offered, and when so offered the rule of exclusion is simply inapplicable. * * * The list follows:

"* * * * *

"(3) To prove other like crimes by the accused so nearly identical in method as to earmark them as the handiwork of the accused. Here much more is demanded than the mere repeated commission of crimes of the same class, such as repeated burglaries or thefts. The device used must be so unusual and distinctive as to be like a signature." (Footnotes omitted.) McCormick, Evidence 447-48, § 190 (2d ed E. Cleary 1972).

This exception was discussed in *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975); *State v. Zimmerlee,* 261 Or 49, 492 P2d 795 (1972); *State v. Sterling,* 22 Or App 52, 537 P2d 578, Sup Ct *review denied* (1975); and

[ 39 ]

*State v. Sterling,* 15 Or App 425, 516 P2d 87 (1973), Sup Ct *review denied* (1974).

The similarities between the two burglaries on which the state relies are: (1) Both involved major department stores. (2) The stores were across the street from one another. (3) The presumed perpetrator of the Lipman burglary was briefly seen on the street as he escaped and his general description then obtained fitted defendant, who was apprehended and of course positively identified in the Meier & Frank burglary. (4) Both occurred in a one-and-one-half-month span of time. (5) In the Lipman burglary the security personnel testified entry must have been accomplished by a person secreting himself therein before the store closed; in the Meier & Frank case that patently was what occurred. (6) The jewelry section was a prime object of each case. The state claims two other similarities that are less persuasive and unnecessary to repeat.

One other major fact which can be considered a similarity does persuade us: Defendant displayed unusual interest in the burglary alarm and security system at Lipman's when he worked there and again within two weeks of the Lipman burglary; the invasion of each store displayed some knowledge of the system at each, but for him a lack of knowledge about a vital difference at Meier & Frank's, a security officer (as distinguished from Lipman's) remained in the store throughout the night.

In *State v. Zimmerlee, supra,* the Oregon Supreme Court said that the evidence of the other crime would have been competent (261 Or at 53-54) except for the fact that defendant had offered to stipulate that a gun used in the charged crime had been in defendant's possession later on the same night (while defendant was engaged in another offense), making it *"unnecessary"* for the state to show the other offense in the trial of the charged crime. The state could thus have had its relevant evidence and yet have avoided much of the

prejudice that would have been caused by evidence of the second offense. But the trial court allowed the evidence of the other offense, rather than limiting the state to the stipulation. That is why the conviction was reversed. No such circumstance exists at bar. We conclude the relevance of the challenged evidence overweighed its prejudicial effect under the instructions given by the trial court, and it was properly received.

Affirmed.